STATE OF MISSOURI, Respondent, *vs.* FAWCETT, Appellant.

1. When a person, who has entered into a recognizance to keep the peace and to appear before the Criminal Court, shall there be discharged, by reason of the failure of the prosecutor to appear, it is error for the court to adjudge the costs against the defendant. They should be adjudged against the prosecutor.

*Appeal from St. Louis Criminal Court.*

*Blennerhassett & Shreve*, for appellant.

I. The appellant insists that he was entitled to his discharge upon the statement of the case. See Rev. Stat. page 856, sections 9, 10 and 11. That when the statute so provides, any condition attached is a violation of the discharge.

II. That the court has no power to impose costs, except in the cases contemplated in the eleventh section, *i. e.*, where both parties are in court, but there is no complaint.

*Lackland*, for State.

Defendant was discharged under the provisions of the tenth section of first article of act regulating practice and proceedings in criminal cases, page 856. It is contended by the state that there is a discretionary power in the Criminal Court to adjudge the defendant to pay the costs. He was the party in fault, which must be taken as conclusively proven by the proceedings before the justice. If it had not been so, the justice would not have bound him over.

RYLAND, Judge, delivered the opinion of the court.

Fawcett had been required to enter into a recognizance before a justice of the peace, for his appearance before the Criminal Court, and, in the mean time, to keep the peace until his appearance at that court. On the first day of the term of the court, Fawcett appeared, but the person, on whose affidavit he was arrested before the justice of the peace, neglected to appear. The Criminal Court discharged Fawcett, but adjudged the costs of the prosecution to be paid by him. To this he excepted, and brings the case before this court.

1. The error relied upon, for reversing the case, is, the judgment of the Criminal Court for costs, against Fawcett. The statute " Practice and Proceedings in Criminal Cases," article one, section ten, declares, that " when any person shall have been bound to keep the peace, on the complaint of another, and the complainant shall not appear, the party recognized shall be discharged, unless good cause to the contrary be shown."

" Sec. 11. Upon the appearance of the respective parties, and in cases where there is no complaint, the court shall examine the evidence, and may either discharge the recognizance taken or require a new recognizance, as the circumstances of the case may require, for such time as shall appear necessary, not exceeding one year; and in such cases, costs shall be adjudged according to the discretion of the court."

In this case, the complaining party did not appear. Does the discretionary power in section eleven, extend to this case? We are inclined to the opinion, that in such cases, where the party recognized is discharged, because the party complaining fails to appear, the costs should be adjudged against the party who fails to prosecute, and not against the party discharged. This was the practice generally, in the circuits over which two of the Judges once presided. It is the best practice, and when it becomes known, the parties are aware of the consequences of a failure to prosecute.

Under the eleventh section, the court may award the costs against the prosecutor upon the hearing; and I should think it has such power, when the failure to bring the accused to a hearing is owing to the prosecutor. He makes the complaint: he ceases to prosecute the complaint. Let him be responsible for costs, when he makes a groundless charge.

In our opinion, therefore, the costs should have been adjudged against the prosecutor and not against the person who was discharged.

The other Judges concurring, the judgment below is reversed.