State *v.* Hoffman.

---

The STATE, Respondent, *vs.* HOFFMAN, Appellant.

1. The supreme court will not interfere with the discretion exercised by the criminal court, in adjudging payment of costs after a hearing, against a party who appears before it under a recognizance to keep the peace, although he is not required to enter into any further recognizance.

*Appeal from St. Louis Criminal Court.*

RYLAND, Judge, delivered the opinion of the court.

In this case, the defendant, Hoffman, had been arrested on a warrant from a justice of the peace, and had been required to

enter into a recognizance to keep the peace, and to appear be-
fore the Criminal Court. He entered into the recognizance as
ordered, and made his appearance before the Criminal Court,
where he moved the court to be discharged, which motion was
overruled. The court then heard the case and ordered the de-
fendant to pay the costs of the prosecution and stand commit-
ted until costs were paid, but did not order him to enter into a
recognizance to keep the peace any further. The defendant
excepted to the judgment of the court requiring him to pay the
costs and stand committed until the same were paid, and ap-
pealed to this court.

1. The eleventh section of article one, of the act regulating
Practice and Proceedings in Criminal Cases, R. C. 1845, in
proceedings like the present, gives power to the court to ad-
judge the costs according to its discretion. Here there was a
trial, and the court, after hearing the matter, adjudged that
Hoffman pay the costs. This is not like the case of the *State*
v. *Fawcett*, decided by this court at the March term, 1852.
In that case, the person making the complaint failed to appear
and prosecute. The court discharged Fawcett but made him
pay the costs. This court reversed this judgment. The tenth
section of the act above cited declares, that when any person
shall have been bound to keep the peace on the complaint of
another, and the complainant shall not appear, the party recog-
nized shall be discharged, unless good cause to the contrary be
shown. (See opinion in the case of the *State* v. *Fawcett*, 16
Mo. Rep. 380.) The discretionary power, under the eleventh
section, authorizes the court to adjudge the costs against either
party, according to the circumstances, and this discretion will
not be interfered with. Under the tenth section, when a dis-
charge is ordered because the complaining party will not pro-
secute, it is nothing but right to make such party pay for his
groundless charge.

The judgment of the court below is affirmed, the other
judges concurring.