THE STATE v. ARTER, APPELLANT.

Criminal Practice: INSTRUCTIONS. When an indictment charges one offense and not allege the facts necessary to constitute another, it is an error for the court to give the jury instructions, which will authorize a conviction of the latter, even though the evidence may tend to show defendant to be guilty of that offense.

*Appeal from Johnson Criminal Court.*—HON. W. H. H. HILL, Judge.

*Rathbun & Shewalter* for appellant.

1. The indictment charged that the defendant * * * did feloniously steal, take and carry away from the possession of one Mary Kreihn, one hunting case gold watch. It is simply an indictment in the usual form for grand larceny. 1 Wag. Stat. 456, Sec. 25. The instruction was founded on Sec. 45, p. 460, Wag. Stat., and was erroneous. Kelley's Crim. Prac. 343. Where an indictment is founded on a statute creating an offense, all the

ingredients that go to make up the offense as defined by the statute, must be charged. 1 Arch. Cr. Prac. 282, *85; *State v. Martin*, 5 Mo. 363; *State v. Helm*, 6 Mo. 263; *State v. Ross*, 25 Mo. 429; *State v. Evers*, 49 Mo. 545. The offense set forth in section 45, is declared to be grand larceny, and is punished by imprisonment not exceeding five years, yet it is necessary to charge and prove all the essential ingredients of the offense as defined by statute. To authorize a conviction, under that section, or an instruction thereon, it would be necessary that the indictment should charge:

1st. That the accused did convert to his own use, or make way with, or secrete with intent to convert to his own use, the money, goods, &c.

2nd. With intent to defraud the owner.

3rd. Which goods, &c., had been lost, and to which defendant had not obtained lawful title.

These ingredients enter into the definition of the offense—they must be charged and proved—the defendant must be notified of the offense charged.

2. Where the intent is required and forms part of the act declared to be a crime, such intent must be alleged and proved. *State v. Ross*, 25 Mo. 426.

3. A party cannot be charged with one offense and convicted of another. That both are punished alike, or are denominated by the same title is wholly immaterial. If the ingredients are different, this makes them different offenses.

*J. L. Smith, Attorney General*, for the State.

NORTON, J.—The evidence in this case tended to show that the watch alleged to have been stolen by the defendant had been lost and was found by the son of defendant, and by him taken to defendant's house and laid upon a shelf or mantle with the statement that it had been found by him; that defendant took possession of it, carried it away, pawned it, subsequently redeemed it, and converted it to his own use. The indictment is framed under Sec.

25, 1 Wag. Stat. 456, and is in the ordinary and usual form and sufficiently alleges everything necessary to constitute grand larceny under that section. The error relied upon is the action of the court in giving the third instruction in which the jury were told, "that if they believed from the evidence the gold watch charged in the indictment to have been feloniously stolen, was lost and is the property of Mary Kreihn and of the value of ten dollars or more, and that the same came into possession of the defendant, and that he converted the same to his own use with the felonious intent of defrauding the owner, Mary Kreihn, or that he made away with or secreted said watch with intent to convert the same to his own use and with the intent to defraud the owner without him the said defendant James Arter having obtained the lawful title thereto, they would find defendant guilty, &c."

This instruction would have been applicable to a case tried on an indictmnet framed under the 45th section, 1 Wag. Stat. 460, which declares that "every person who shall convert to his own use, or make way with, or secrete with intent to convert to his own use, any money, goods, right in action, or other personal property, or valuable thing whatsoever, of the value of ten dollars or more, belonging to another, with intent to defraud the owner which shall have been lost, and which such person shall not have obtained a lawful title thereto, shall be deemed guilty of grand larceny, &c." The indictment in the case at bar charges the defendant with a felonious taking, stealing and carrying away of the watch, and this was all that he was called upon or required to defend. We think that the instruction complained of authorized a conviction for the offense created by Sec. 45, *supra*, and as the indictment on which defendant was arraigned and tried, failed to allege the facts necessary to constitute an offense under that section, that the court erred in giving the instruction. If it was intended to hold defendant liable under that section, a proper indict-

ment should have been preferred for that purpose, so that defendant would have been notified of what he would be required to defend. Judgment reversed and cause remanded, in which the other judges concur except Judge HENRY, who dissents.

REVERSED.