THE STATE v. STONE, *Appellant.*

**Larceny, at Common Law, by Embezzlement.** An intent to steal existing at the time of obtaining the property, is an essential element of the crime of larceny, both at common law and as defined by Wagner's Statutes, section 25, page 456, but not of the crime of larceny by a bailee as defined by Wagner's Statutes, section 37, page

459. Hence, where defendant had borrowed a wagon and horses from the owners, and was making way with them, and attempting to convert them to his own use when he was arrested, *Held*, that he could not be convicted on an indictment in the ordinary form under section 25 for grand larceny, without proof that he obtained the property with the intent of stealing it, and it did not matter that upon the evidence he might have been found guilty of larceny by embezzlement under section 37, without such proof. That is a different offense, and in order to sustain a conviction for it the indictment should have contained a count founded on that section.

*Appeal from Lawrence Circuit Court.*—HON. JOS. CRAVENS, Judge.

*John T. Teel* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—Defendant was indicted in the circuit court of Lawrence county, in November, 1877, for grand larceny. He was put upon his trial, which resulted in his conviction, and the assessment of his punishment to imprisonment in the penitentiary for two years. Motions for new trial and in arrest having been overruled, the cause is brought here by appeal. On the trial the State gave to the jury evidence tending to show that the defendant, on or about the 23rd day of August 1877, in Lawrence county, borrowed of three of his neighbors, a wagon, horse and mare, with which to haul some oats to Mt. Vernon, the county seat of said county. The defendant, after getting said wagon and team in his possession, did haul his oats to Mt. Vernon, and then sold the same and received the purchase money, and, instead of returning said property to the several owners at the time he had promised, drove the wagon and team in another direction. He was arrested in possession of the team and wagon when about to cross the Missouri river at Washington, Franklin county, Missouri. He denied his name when arrested. To one person whom he passed on his route from Lawrence county to Washington, Missouri, he told that he was on his way to Indiana, and to another

that he was going to another place.    He stated, when arrested, that he was from Dade county, in this State.

Various objections to the proceedings of the trial court have been brought to our notice in the brief of counsel, the most material of which is its action in refusing, on defendant's motion, to instruct the jury to the effect that before they could find defendant guilty of the charge in the indictment, they must believe, from the evidence, that defendant received the possession of the property therein mentioned, with the intention, at the time, of stealing the same, and that although they might believe that defendant borrowed the wagon and team to haul off his oats, they would acquit, provided they further believed that the design to steal and convert the same was not formed till after he had thus obtained possession. The indictment is founded on Wag. Stat., sec. 25, p. 456, and the action of the court in refusing this declaration of law brings up the question whether, under such an indictment, a conviction can be had for the offense defined in Wag. Stat., sec. 37, p. 459, which is as follows :   "If any carrier or bailee shall embezzle, or convert to his own use, or make way with, or secrete, with intent to embezzle or convert to his own use, any money, goods, rights in action, property or any valuable security or other effects which shall have been delivered to him, or shall have come into his possession or under his care, as such bailee, although he shall not break any trunk, package, box or other thing in which he received them, he shall, on conviction, be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the article so embezzled, taken or secreted."

An indictment under section 25, *supra*, can only be maintained when the State shows an intent on the part of the party charged to steal the property or goods at the time he receives them.   *State v. Shermer*, 55 Mo. 83 ;  *Witt v. State*, 9 Mo. 663 ;  *State v. Hoffman*, 18 Mo. 329.    In the case of the *State v. Hoffman*, Judge Ryland observes:

" That the intention to steal must be formed at the time of taking or acquiring possession of the goods. The hirer of a horse for two days to go to a place north, and who, afterwards, when he obtains possession, turns to the south and sells the horse as his property, is not guilty of larceny, unless he had formed, in his mind, the design and intent to steal at the time of hiring, and not afterwards. Subsequent intent to steal will not make the taking felonious." These remarks were made with reference to an indictment simply for grand larceny, and not with reference to an indictment found on section 37, *supra*, whereby the subsequent conversion by any carrier or bailee of goods or property entrusted to him is made larceny, the grade thereof being made dependent on the nature and value of the property converted.

It will be observed that section 37, *supra*, makes that a larceny which at common law was a breach of trust, and the offense being purely satutory, if the prosecutor intended to secure defendant's conviction under it, the indictment should have contained a count charging the offense as therein defined, as the constitution requires that in all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him. It might as well be contended that a person indicted under section 25, *supra*, for stealing a hog, could be convicted under section 30, which makes it larceny for any person to mark or brand, or alter the mark or brand of a hog with intent to steal or convert it to his own use, as to contend that a person could be convicted under section 37 on an indictment based on section 25. If defendant, at the time he borrowed the team and wagon in question, had formed the design and intent to steal them, he could be convicted under the present indictment, but if at the time they were loaned to him he had no such design, but afterwards conceived it, then his conviction under the indictment was wrongful, as it did not charge such an offense. *State v. Arter*, 65 Mo. 653.

We have been cited to the case of the *State v. Norton*,

4 Mo. 461, as asserting a different principle. The form of the indictment is not given, but we think it is plainly deducible from what is said in the opinion, that it was either founded on section 42, Rev. Code 1835, which is like section 37 in our present code, or contained a count founded on that section. For the error in refusing the instruction commented on, and in giving its opposite, the judgment will be reversed and the cause remanded, in which the other judges concur.

REVERSED.