## THE STATE v. HARMON, *Appellant.*.

### DIVISION TWO.

1. **Practice, Criminal:** CONVICTION FOR EMBEZZLEMENT UNDER CHARGE OF LARCENY : STATUTE. On a trial, under an indictment charging larceny in the usual form, it is error under Revised Statutes, 1889, section 3947, to instruct the jury that, if they find the accused embezzled the property described, they should find him guilty of larceny.

2. ———: GENERAL VERDICT, WHEN INSUFFICIENT. A general verdict is insufficient under an indictment containing several counts, each charging different and distinct larcenies. A verdict should in such case be returned to each count.

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

THE defendant was indicted in the circuit court of Moniteau county at the September term, 1889, for embezzlement and grand larceny. The indictment contains fifteen counts. The first was for embezzlement; the remaining fourteen were for grand larceny. The evidence showed that the defendant was the clerk and employe of a mercantile firm, Cavers & Thomas, in California, Missouri.

The evidence on the part of the state tended to show that the other clerks watched the defendant and discovered many irregularities in the taking of groceries and failing to charge them to himself and in taking money from the drawer. There was evidence of admissions also, but they were qualified to such an extent that it was wholly a question of fact to be determined by the jury, how far defendant admitted any guilt. The jury found defendant guilty of petit larceny. At

the close of the evidence, the state entered a *nolle* as to the first count, the only one for embezzlement.

The court instructed the jury as follows : "1. The jury are instructed that by the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth and fourteenth counts in the indictment defendant is charged with grand larceny, and the jury may convict the defendant upon either or all of said counts, either of larceny or embezzlement. If the jury believe and find from the evidence that the defendant, at the county of Moniteau and state of Missouri, at any time within three years before the finding of the indictment, feloniously took, stole and carried away any of the money or property of Cavers & Thomas, described in either of said counts, of the value of $30 or more, they will find the defendant guilty as charged in such counts, and assess his punishment at imprisonment in the penitentiary for a period not less than two years, nor more than five years ; and, if the jury find that the defendant stole said property as aforesaid, within one year before the finding of the indictment, and that it was of less value than $30, they will find the defendant guilty under said count, of petit larceny, and assess his punishment at imprisonment in the county jail not exceeding one year, or by fine not exceeding $100, or by both such fine and imprisonment.

"2.    If the jury believe and find from the evidence that, within three years prior to the finding of the indictment, the defendant was a clerk in the copartnership firm of Cavers & Thomas, at Moniteau county, Missouri, and that defendant was at the time not under the age of sixteen years, and at said county, and within said time, defendant did, without the assent of said Cavers & Thomas, convert to his own use or embezzle any of the money or property of said Cavers & Thomas, as described in either of the said counts in the indictment, of the value of $30 or more, that came under his

care or into his possession by virtue of such employ-
ment, they will find the defendant guilty as charged in
such count of embezzlement and assess his punishment
at imprisonment in the penitentiary for a period of not
less than two years, nor more than five years. But if
the jury shall find that said property or money so con-
verted or embezzled, was of less value than $30, and
that the same was taken and embezzled by the defend-
ant as aforesaid, within one year before the finding of
the indictment, they will find the defendant guilty as
charged in such count, and assess his punishment at
imprisonment in the county jail for a period not exceed-
ing one year, or by fine not exceeding $100, or by both
such fine and imprisonment. And, if the jury find that
the defendant is not guilty of any offense, they will so
state in their verdict.

"3. The jury are instructed that it is not neces-
sary in this case, in order to authorize the jury to find
the defendant guilty of grand larceny or of embezzle-
ment of $30 or more, for the state to prove that the
amount of $30 was taken at the same time or on the same
day. But, if the jury believe and find from the evidence
that the defendant formed a design to embezzle, or to
steal, take and carry away, the property of Cavers &
Thomas, and that in pursuance of such formed design
he did, within three years before the finding of the
indictment, take, steal, carry away or embezzle the prop-
erty of said Cavers & Thomas, described in either of the
counts of the indictment, of the value of $30, that is
sufficient.

"4. If the jury believe and find from the evidence
that within three years before the finding of the indict-
ment the defendant was a clerk of George Cavers and
Albert E. Thomas, and that he had authority to receive
money for the sale of goods, and put the same in the
money drawer of said Cavers & Thomas, and take change
therefrom, and that he did receive such money for the
sale of the goods of said Cavers & Thomas and put the

same into the money drawer aforesaid, and feloniously take from said money drawer other money belonging to the said Cavers & Thomas as described in either the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth or fourteenth counts of the indictment, in amounts of $5 at a time, until the whole sum so taken amounted to $30 or more, with intent to convert the same to his own use, they will find the defendant guilty of grand larceny, as charged in such count.

"5. The jury are instructed that they are the sole judges of the credibility of the witnesses and the weight of their evidence. But in this connection the jury are further instructed that, while under the laws of this state the defendant is a competent witness in his own behalf, in determining the weight and credibility of his evidence, the jury should take into consideration the fact that he is the person on trial and the interest he has in its result. If the jury have a reasonable doubt of defendant's guilt, they will acquit him; but a doubt to authorize an acquittal should be a substantial doubt, arising from the evidence and not a mere possibility of defendant's innocence."

Defendant objected to all said instructions except the last, but the court overruled the objections and gave all said instructions, to which action of the court, the defendant duly excepted.

The defendant offered instructions as follows: "1. The jury are instructed that the finding of the indictment against defendant is no evidence of his guilt; that he stands in the eyes of the law clothed with the presumption of innocence; and that presumption attends him in every stage of the trial; that, while in civil cases it is the duty of a jury to find a verdict upon a preponderance of the evidence, the rule of law is not so in criminal cases; that, before you can find defendant guilty, you must be satisfied from the evidence in the case that the defendant is guilty in manner and

form as charged in the indictment beyond a reason-
able doubt. A reasonable doubt means a substantial
doubt touching the defendant's guilt, and not a mere
possibility of his innocence.

"2. It devolves upon the state to prove to your
satisfaction, by competent evidence, that the defendant,
while in the employment of the firm of Cavers & Thomas,
as a clerk in their store, did either feloniously or unlaw-
fully take and convert to his own use, with the fraudu-
lent intent to deprive the owners of the same without
paying therefor, either some specific sum or sums of
money, or some specific article or articles of merchan-
dise, belonging to said firm and specified in the indict-
ment, and you cannot find him guilty unless such proof
has been made; facts alone, and not mere conjecture or
suspicion, must be your guide in arriving at a verdict.

"3. The jury are instructed that it is not sufficient,
in order to warrant the conviction of the defendant, for
the state to prove a general course of dealing or acting
by defendant with reference to the money or property
of the firm of Cavers & Thomas; but the state must show
by evidence, to the satisfaction of the jury, beyond a
reasonable doubt, as defined in these instructions, that
the defendant wrongfully and fraudulently appropriated
to his own use certain specific property, or certain spe-
cific sums of money belonging to said Cavers & Thomas,
and must also prove the specific sum or sums of money,
or the specific property taken, and, unless this proof has
been made, they must find the defendant not guilty.

"4. Before the jury can convict the defendant of
any grade of embezzlement, they must be satisfied from
the evidence, beyond a reasonable doubt, that the
defendant did, knowingly and intentionally, while in
the employ of Cavers & Thomas, as clerk in their store,
take and convert to his own use money, goods or mer-
chandise of some value or amount, without either pay-
ing or accounting for the same.

"5. The jury are instructed that they should consider with care and caution the evidence of verbal statements alleged to have been made by the defendant, taking into consideration the liability of witnesses to misunderstand or misquote, or to fail to remember the words used.

"6. The jury are instructed that, in considering the defendant's guilt or innocence of the offense charged in the indictment, they will take into consideration all the facts and circumstances detailed in the evidence, including the evidence of defendant's previous good character, and if, after giving all the evidence in the case due weight and consideration, they have a reasonable doubt of defendant's guilt, they must give him the benefit of such doubt and acquit him. A reasonable doubt, as defined in these instructions, means a substantial doubt of his guilt, and not a mere possibility of his innocence.

"7. There is no evidence in this case that the defendant is guilty of any grade of larceny as charged in the last fourteen counts of the indictment.

"8. Before the jury can find the defendant guilty of embezzlement amounting to the grade of a felony as charged in the first count of the indictment, they must be satisfied from the evidence beyond a reasonable doubt, that said defendant did, while in the employment of Cavers & Thomas, as clerk in their store, feloniously take and convert to his own use, without paying or accounting for the same, money, goods and merchandise of the value of $30, or more, and this proof cannot be made upon any alleged statements of the defendant alone, but must be corroborated by other evidence in the case.

"9. The jury are instructed that there is no evidence in this case tending to show that the defendant, at any one time, fraudulently took and appropriated to his own use either money or property of the value of $30, nor that he fraudulently took and

The State v. Harmon.

appropriated money or property in the aggregate amounting to $30, belonging to Cavers & Thomas."

The prosecuting attorney objected to defendant's instructions, numbered 1, 3, 7, 8 and 9, and the court sustained such objections as to instructions, numbered 7, 8 and 9, and refused the same, and to the action of the court in refusing said instructions, the defendant at the time excepted.

The case was thereupon submitted to the jury, who returned into court a verdict in the following form, to-wit: "We, the jury, find the defendant guilty of petit larceny as charged in the indictment, and assess his punishment at imprisonment in the county jail for the term of one year, and a fine of $100."

The defendant, within four days, filed a motion for a new trial, which contains the ordinary reasons as to the admission of illegal, and the exclusion of legal, evidence; the giving and refusing of instructions, specifically calling attention to the erroneous instructions given for the state, and to the instructions of defendant refused by the court. And, in addition thereto, the following: *"Seventh.* Because the verdict of the jury is a general one, and there is no finding upon any one count of the indictment, notwithstanding the indictment contains thirteen counts, and each count charges a separate offense.

*"Eighth.* Because the verdict fails to specify the count in the indictment upon which the defendant is found guilty.

*"Ninth.* Because the counts in the indictment upon which the defendant was tried charged him with the crime of larceny, and the court erred in instructing the jury that the defendant could be found guilty under those counts if the evidence showed that he was guilty of the crime of embezzlement; that the court erred in holding and instructing the jury that, under an indictment charging the defendant with the crime of larceny, he could be found guilty if the evidence

VOL. 106—41

showed him to be guilty of embezzlement, and that the statute authorizing such finding, and by which the court was governed in giving said instructions, is in violation of the rights guaranteed to the defendant by section 22, article 2, and section 12, article 2, of the constitution of this state, and the action of the court in so instructing the jury, and the statute upon which said action of the court was based, is in conflict with the above provisions of the constitution of this state.

"*Tenth*. Because the verdict of the jury is against the evidence, and because there was no evidence that the defendant was guilty of the crime of petit larceny, of which the verdict of the jury found him guilty."

The motion for a new trial being by consent taken up the same day, the same was by the court overruled, and to the action of the court in overruling said motion, the defendant at the time excepted. Defendant filed, thereupon, a motion in arrest of judgment, giving the reasons following: "*First*. Because the indictment is insufficient in law.

"*Second*. Because the indictment does not sufficiently set out and charge the matters that defendant was called upon to meet.

"*Third*. Because the charges in the indictment are vague, uncertain and indefinite, and did not notify defendant of what he had to meet on the trial.

"*Fourth*. Because the verdict of the jury is a general one upon fourteen different counts, and no judgment can be entered on any specific count of the indictment.

"*Fifth*. Because the indictment contains fourteen different counts, and the verdict returned by the jury does not specify the count, or counts, on which the defendant was found guilty."

This motion was also overruled, and defendant tendered his exceptions and appealed to this court, for the reason that a constitutional question was involved in the ninth ground of the motion for a new trial.

*Draffen & Williams* and *Moore & Williams* for appellant.

(1) The statute, section 3947, Revised Statutes of Missouri, 1889, relied on by the state in so much as it authorized the conviction of the defendant of the crime of embezzlement upon an indictment charging him with larceny, violates section 22, article 2, of the constitution of the state, and section 12 of the same article. And the instructions for the state were erroneous which authorized the jury to find the defendant guilty of either larceny or embezzlement. *Huntsman v. State*, 12 Texas App. 619, and citations. The constitutional question is thoroughly considered in the above case. *State v. Stone*, 68 Mo. 101 ; *State v. Gabriel*, 88 Mo. 631. In *State v. Broderick*, 70 Mo. 622, the question of the constitutionality of the statute was not presented, but the principle contended for is approved in the following cases: *State v. Crooker*, 95 Mo. 389, and citations; *State v. Bach*, 25 Mo. App. 554 ; *State v. Hayward*, 83 Mo. 299 ; *State v. Arter*, 65 Mo. 553 ; *State v. Stone* and *State v. Gabriel*, *supra*. (2) The instructions for the state authorizing a verdict of guilty of larceny, if the evidence showed him to be guilty of embezzlement, and that they could aggregate any offenses shown to have been committed, by the evidence, and find a general verdict, were erroneous. R. S. Mo. 1889, sec. 3947 ; *State v. Owen*, 78 Mo. 367 ; 1 Bish. Crim. Proc., sec. 460 ; *State v. Reavis*, 71 Mo. 419 ; *State v. Reed*, 85 Mo. 194 ; *State v. Pratt*, 98 Mo. 492 ; *State v. Jennings*, 98 Mo. 493. The instructions authorizing a general verdict for grand larceny would authorize a general verdict for petit larceny. Instruction, numbered 7, for the defendant should have been given ; there was no larceny in the case as shown by the evidence. (3) The general verdict of guilty of petit larceny returned in this case is reversible error, different offenses being charged in fourteen different counts. *State v. Bedell*,

35 Mo. App. 551 ; 2 Thomp. Trials, secs. 2640–1; *Casey v. State*, 20 Neb. 334; *Wilson v. State*, 20 Ohio, 26 ; *Williams v. State*, 6 Neb. 334.  ( 4 )  The indictment is bad.  There is both a misjoinder of offenses in the different counts, and also duplicity in pleading.  Separate larcenies are charged in separate counts, and misdemeanors and felonies are charged in the same count. *People v. Wright*, 9 Wend. 193 ; *Reed v. People*, 1 Parker Crim. Rep. 481 ; *Hildebrand v. State*, 5 Mo. 548.  Revised Statutes of Missouri, 1889, section 4104, lay down the correct rule.  The motion in arrest should have been sustained.  3 Whar. Am. Cr. Law [ 6 Ed.] sec. 3043; *Brown v. Com.*, 8 Mass. 59 ; *State v. Gove*, 34 N. H. 510 ; *State v. Bangor*, 38 Me. 592 ; *Com. v. Childs*, 3 Pick. 198 ; 4 Black. Com. 324 ; *State v. Rector*, 11 Mo. 405 ; *State v. Lichliter*, 95 Mo. 405.  ( 5 )  This court is bound to look into the defects in the indictment, even when not raised by motion.  *State v. Meyer*, 99 Mo. 107.

*John M. Wood*, Attorney General, for the State.

( 1 )  The several counts in the indictment, after the first count, properly charged grand larceny, and will sustain the general verdict returned in this case finding the defendant guilty of petit larceny.  *State v. McCue*, 39 Mo. 112 ; *State v. Bland*, 69 Mo. 317, and cases cited. ( 2 )  It is claimed by appellant in his motion for a new trial that the statute which authorizes a conviction for larceny, where the charge is embezzlement, and *vice versa*, is unconstitutional.  We do not see how the question can be considered of any consequence in the determination of this case, for the reason that the counts in the indictment, except the first, which was dismissed, charge larceny, and the defendant was convicted of larceny, and not of embezzlement.  However, this statute has been sustained by this court in *State v. Owen*, 78 Mo. 67 ; *State v. Porter*, 26 Mo. 201.  ( 3 )  The instructions

in this case properly declare the law to the jury; as he was only convicted of petit larceny, it is not important to consider in detail the instructions relative to embezzlement or grand larceny. No objection can be made to thus submitting to the jury the questions relative to the offense for which he was convicted. (4) The eighth and ninth instructions asked by defendant, and which the court refused, are upon the question of embezzlement; and, as defendant was not convicted of that offense, he cannot complain of the action of the court in refusing those instructions; at least, the refusal of the court to give the same did not constitute a reversible error. (5) There was evidence in this case showing larceny, as well as embezzlement; the taking of the hams, chickens and other articles was clearly larceny, if believed by the jury to have been taken by the defendant under the circumstances detailed by the witnesses. The instructions in this case were extremely favorable to the defendant, and under the evidence produced he certainly has no just cause to complain of the verdict against him. It might as well have been for a higher grade of the offense.

GANTT, P. J.—Three main propositions are urged upon the part of defendant for a reversal. *First*, that the court erred in instructing the jury that, if they found from the evidence that defendant was the clerk of Cavers & Thomas, and was at the time sixteen years of age, and, without the assent of said firm, converted and embezzled to his own use any of the money or property of said firm as described in the various counts of said indictment, of less value than $30, within one year before the finding of the indictment, they would find him guilty as charged in said counts, that is to say, of larceny, and assess the statutory punishment for petit larceny. *Second*. That the general verdict of guilty of petit larceny was not responsive to either count upon which he was tried, and was insufficient to sustain the

judgment or sentence of the court. *Third.* That the conviction of defendant of larceny under an instruction for embezzlement and under evidence tending to prove embezzlement was in defiance of the rights guaranteed defendant by sections 12 and 22, of the bill of rights in the constitution of Missouri, 1875.

As before stated, the indictment is for grand larceny in the ordinary and usual form, charging that defendant did take, steal and carry away the goods and moneys of Cavers & Thomas. The fourteen counts all allege different and distinct larcenies. That the court by its second instruction authorized the jury to find the defendant guilty of petit larceny, if the evidence showed him guilty of embezzling money or goods of his employers under the value of $30, is apparent from the instruction.

Under the practice in criminal cases at common law and in this state prior to 1855, no such question as this could have arisen. It was elemental law that the defendant could only be tried for the offense with which he was charged in the indictment. It mattered not if he was guilty of all other crimes in the category, unless he was found guilty, beyond a reasonable doubt, of the one preferred against him, the jury was bound to acquit him. In 1851, the British parliament passed an act of which section 3947, of the Revised Statutes, 1889, is a substantial copy. In 1855, this section appears upon the statute books of this state for the first time. Said section reads as follows :

" *Conviction lawful for another offense, when.*—If, upon the trial of any person indicted for embezzlement, it shall be proved that he took the property in question in any such manner as to amount in law to larceny, he shall not, by reason thereof, be entitled to be acquitted, but the jury shall return as their verdict that such person is not guilty of embezzlement, but is guilty of larceny, and, thereupon, such person shall be liable to be

punished in the same manner as if he had been convicted upon an indictment for such larceny, and, if upon
the trial of any person indicted for larceny it shall be
proved that he took the property in question in any
such manner as to amount in law to embezzlement, he
shall not, by reason thereof, be entitled to be acquitted,
but the jury shall return as their verdict that such
person is not guilty of larceny but is guilty of embezzlement, and, thereupon, such person shall be liable to
be punished in the manner as if he had been convicted
upon an indictment for such embezzlement,; and no
person so tried for embezzlement or larceny as aforesaid
shall be liable to be afterward prosecuted for larceny
or embezzlement upon the same facts."

This section came before the court of criminal
appeal in England, composed of Chief Baron POLLOCK,
Judges WIGHTMAN and CRESSWELL and Barons MARTIN
and WATSON, in 1857, for the first time, in *Regina v. Gor-
butt*, 1 Dearsley & Bell's Crown Cases, 166. The prisoner was indicted as a servant for stealing three hundred
pounds, the property of his master. The evidence
tended to show *embezzlement alone*, and not larceny.
The jury found a general verdict of guilty. He appealed.
The court of appeal reversed the conviction and said :
"Now we think there is abundant evidence of embezzlement, but not evidence of stealing ; and, although,
under the clause in the recent act of parliament, a prisoner *indicted for stealing* may be convicted of embezzlement, yet *he cannot be convicted of stealing if there
is only evidence of embezzlement ;* therefore, we think
the verdict was not warranted by the evidence, and the
conviction must be reversed." Tested by this construction of this statute where it originated, the second
instruction given for the state is erroneous. *State v.
Baker*, 6 Texas App. 344.

The indictment in its fourteen counts charged larceny alone. Now, the court did not tell the jury, in
the second instruction for the state, that, if they

found the defendant guilty of embezzlement as therein defined they would return he was *not guilty* of larceny, but guilty of embezzlement, but in the teeth of the statute told them that, if they found him guilty of embezzlement, they would return a verdict of guilty of *larceny*. The legislature while ignoring the provision of the constitution, requiring that before one could be convicted of a felony he must be indicted by a grand jury for that particular felony and *not another and distinct offense*, were at least consistent enough to require the defendant to be convicted of the offense of which the evidence showed him guilty, but this instruction permitted the jury to try this man for an offense *not charged* in the indictment, on evidence *not supporting* the indictment, and yet find him guilty of the charge in the indictment.

Without such a statute as section 3947, under an indictment for larceny, the defendant could be convicted of larceny or nothing; but our statute interposes here and says that, *although innocent of the charge in the indictment*, the defendant may be convicted of a different crime that he may have committed, but not charged against him. The prosecuting attorney and court were evidently attempting to get within the purview of this statute, but that they failed to do so, we think is plain. Neither the common law nor statute authorized, or could in the nature of things authorize, a conviction of any crime not proven beyond a reasonable doubt.

II. But let us grant that the jury had been instructed to find the defendant guilty of embezzlement under the evidence, the indictment being for larceny only, could the conviction stand? We have seen that this court in *State v. Broderick*, 70 Mo. 622, has said it could. It is with great diffidence we venture to differ with an opinion rendered by the full court, prior to the present division of its labors, and we are equally loth to declare a solemn enactment of the legislature void and

unconstitutional ; but we know no way to escape a duty enjoined upon the office we hold. We give what appears to us sufficient reason for not following the *Broderick case.*

And, first, the question was not raised in the *Broderick case,* and the able and distinguished judge who wrote that opinion was not asked to measure section 3947 by the constitution. *We are* invited to do so in a most serious and earnest manner. Nor can we be charged with any want of respect for the court in not following that case, when the learned judge who wrote the opinion in that case, in the more recent case of *State v. Gabriel,* 88 Mo. 640, approved the identical principle for which we are contending here. In paragraph 4, page 641, he says : "The third instruction given at the instance of the state was erroneous for several reasons. The indictment is in common form for grand larceny ; and it has been ruled in such case that an instruction is improper which, based on section 1315, authorizes a conviction for that offense, if the property was lost, etc., and defendant converted the same to his own use with felonious intent, etc. ; and that this was true, *notwithstanding* the evidence would have sustained a conviction under section 1315. NORTON, J., remarked : 'The indictment in the case at bar charges the defendant with a felonious taking, stealing and carrying away of the watch, and this was all he was called upon or required to defend. We think that the instruction complained of authorized a conviction for the offense created by section 45, *supra ;* and, as the indictment on which the defendant was arraigned and tried failed to allege the facts necessary to constitute an *offense under that section,* that the court erred in giving the instruction. If it was intended to hold the defendant liable under that section, a proper indictment should have been preferred for that purpose, so that defendant would have been notified of what he would be required to defend.' *State v. Arter,* 65 Mo. 653. *The rule is*

that, where the indictment is based upon a statute *creating* the offense, an offense unknown to the common law, the indictment must set forth all the constituent facts and circumstances necessary to bring the accused perfectly within the statutory provisions. *People v. Allen*, 5 Denio, 76; 1 Arch. Crim. Prac., p. 68, note 1; *Hall v. State*, 3 Cold. 125; Bishop on Statutory Crimes, secs. 418, 421, 422. And indeed the constitution of our state requires that the accused be informed of the 'nature and cause of the accusation' against him. Art. 2, sec. 22. This command would not be complied with where it permitted to indict a man for the larceny of an animal and then convict him on evidence, not that he *stole* the animal, but that he branded or killed it with intent to steal it as set forth in section 1311. * * *

" The very case this record presents was anticipated in *State v. Stone*, 68 Mo. 101, where NORTON, J., after alluding to the constitutional provision I have referred to, and to the necessity of indictments based upon purely statutory provisions, being so drawn as to charge the offense as in the statute defined, remarks : 'It might as well be contended that a person indicted under section 25, *supra*, for stealing a hog, could be convicted under section 30, which *makes it a larceny* for any person to alter the mark or brand of a hog with intent to steal or *convert* it to his own use,' " etc.

If this court would not tolerate the indictment in *Gabriel's case*, when the offense was defined by the legislature to be *larceny* and not a "*different offense*" as they have embezzlement, "*a fortiori*," we reason, they too would have said that it would not be permitted to charge a man for larceny and convict him of embezzlement, and we think *Gabriel's case* alone will relieve us of the charge of a want of proper respect for the prior decisions of this court in holding that we will not follow *State v. Broderick*, *supra*.

That no felony can be prosecuted save by indictment, the constitution itself declares. Sec. 12, art.

2, of bill of rights. That an indictment to meet the requirements of the constitution must inform the defendant of the "*nature and cause* of the accusation" is plain by section 22 of the bill of rights. That it is competent for the legislature to define the elements of a crime, we all concede, but when the legislature defines one course of conduct larceny, and another, *and essentially different course*, embezzlement, we deny the right of the legislature to say that a defendant, charged with conduct which it has defined to be only larceny, can be convicted of the crime it has defined to be embezzlement. If the legislature can do that, then it can indirectly do what the constitution expressly prohibits the courts from doing, namely, trying a defendant without an indictment, for no candid man will claim that an indictment for an offense *not intended to be proved* and which in fact *is not sustained by the evidence*, amounts to a legal charge. Human life and human liberty are too sacred to be trifled with in this manner. The British parliament may have such power, but we feel assured our legislature under the constitution of this state has not, and, being profoundly impressed with the importance of the question, I have felt it my duty to express these views.

Are the two offenses different? We answer, *they are*, by the almost unanimous consensus of the courts, text-writers and bar. In 6 American & English Encyclopedia of Law, 451, it is said: "Embezzlement is a crime unknown to the common law, but depends entirely upon statutory enactments, is a sort of statutory larceny. Though kindred to theft, embezzlement is a separate and distinct offense. Theft involves the idea of unlawful acquisition, whereas embezzlement is a fraudulent conversion of personal property after its possession has been lawfully acquired." Again at page 455 of same work, it is said: "Embezzlement, as contradistinguished from larceny, is purely a statutory offense

and should never be made to overlap common-law larceny." "Anything which is indictable at common law as larceny should never be indictable under the statute providing a punishment for embezzlement and *vice versa*." *Fulton v. State*, 13 Ark. 168; *Kibs v. People*, 81 Ill. 599 ; 1 Wharton, Crim. Law, sec. 1009 ; *People v. Salorse*, 62 Cal. 139.

But why go further than section 3947? Its very title, in heavily-leaded type announces that it proposes to make "a conviction lawful *for another offense*," that is to say, this section only proposes *ex vi termini* to deal with a case where a defendant is to be convicted of an offense, *other than that described in the indictment*, and, in the *Broderick case*, this section was applied, not because one of these offenses included all the essentials of the other and was recognized as a graded offense, but it was applied as covering a *different offense*.

As to graded offenses and offenses included in the allegations of the indictment, there is no infraction of the constitution. The inferior crime is included in the greater and the indictment if a valid one must necessarily charge the facts constituting the inferior in alleging the superior. *State v. Frank*, 103 Mo. 120. But, where by all the tests the crimes are different, we hold the indictment for one cannot be deemed sufficient to hold the prisoner on the other. To do so, in our opinion, strikes down one of the safeguards of liberty of the citizen. It is wholly unnecessary to resort to such a statute. Our statute permits the joining of larceny and embezzlement in the same indictment, and this practice has been sustained by this court since *State v. Porter*, 26 Mo. 201.

When the defendant is confronted with two counts, one for larceny and another for embezzlement, it is his duty to prepare to meet *both*. He cannot complain that he is acquitted of one, if he be found guilty of only one. Nor in such cases is the state required to elect. It is

often a question of fact as to the intention with which the defendant acquires the possession of property. If he intended to steal when he acquired the possession as when a man hires a horse he has already formed in his mind the design and intent to steal at the time of hiring, he may be guilty of larceny; not, however, if he conceives the intent to steal the horse after having acquired the possession lawfully. *State . v. Hoffman*, 18 Mo. 329; *State v. Shermer*, 55 Mo. 83; *State v. Stone*, 68 Mo. 101. In such a case, it is the duty of the court to define the offense and let the jury ascertain the fact or intent and measure the defendant's guilt accordingly. So in this case, while the great preponderance of the evidence on the part of the state tended to prove embezzlement, yet there was evidence from which a jury under proper instructions might have found defendant guilty of larceny if they believed it, and they should have been told what the essentials of larceny were, and if beyond a reasonable doubt they found defendant guilty of either grand or petit larceny, to convict him, otherwise acquit him, as he was no longer on trial for embezzlement after the *nolle* was entered. As the instruction, numbered 2, for the state authorized them to find defendant guilty of larceny on the proof of either larceny or embezzlement and there was evidence to support either, we cannot tell whether the jury found him guilty of larceny on the proof of embezzlement or not. This he was entitled to know, and so is this court.

We have come to this conclusion after the most careful deliberation. We feel that a solemn act of the legislature ought not to be declared unconstitutional unless it is clearly in conflict with the organic law, and as we have said it is with the greatest reluctance, that we feel compelled to differ with an opinion rendered by this court, prior to its division. On the other hand, when a citizen is on trial for his liberty or his life, we

think he has a right to demand of us to see that he is not held in violation of a plain constitutional provision.

If we require precedent for examining into the constitutionality of this section after it had once passed review without being challenged in this regard, we need only refer to section 1886 of Revised Statutes, 1879. After the constitutionality of that section had been challenged in *State v. Hickman*, 75 Mo. 418, and *State v. Jennings*, 81 Mo. 185, it was held constitutional; but in *State v. Berkley*, 92 Mo. 41, the section was again before this court, and all three of the judges who held it unconstitutional are now members of this court. In holding that section void, Judge SHERWOOD quotes with approval Judge COOLEY's remark, that " the securities of individual rights  *  *  * cannot be too frequently declared nor in too many forms of words ; nor is it possible to guard too vigilantly against the encroachments of power, nor to watch with too lively a suspicion the propensity of persons in authority to break through the '*cobweb chains of paper constitutions.*' 2 Story's Const. sec. 1938."

Keeping in mind then the constitutional provision, " that the defendant has a right to demand the nature and cause of the accusation," does a simple charge of larceny meet the requirement of the constitution ? To do so, the two crimes must essentially be the same, or one included in the other. Compare them. *First.* Larceny can be committed by any person capable of committing a crime. Embezzlement, under this instruction and section 3549, it was designed to construe, could only be committed by a person sixteen years of age, and, this exception *as to age* being included in the same clause creating the offense, the *indictment* must show negatively that defendant does not come within this exception. R. S. 1889, sec. 3549; 6 Amer. & Eng. Encyclopedia of Law,496 ; *State v. Lanier*, 88 N. C. 658. *Second.* Larceny was an offense at common law.

The State v. Harmon.

Embezzlement is purely a *statutory crime*, and everything must be averred which is necessary to bring the case within the statute. *State v. Gabriel*, 88 Mo. 631; *People v. Allen*, 5 Denio, 76; 1 Chit. Cr. Law, 281, 282, 283 (1841); Arch. Cr. Pl. 50 (Ed. 1846); 3 Chitty's Crim. Law, 962; 6 Amer. & Eng. Encyclopedia of Law, 495, notes 4 and 5; *Hamuel v. State*, 5 Mo. 260; *State v. Mohr*, 68 Mo. 303; *State v. Flint*, 62 Mo. 393.

*Third.* In charging larceny no allegation of any fiduciary relation existing between the thief and the owner of the goods is necessary. In embezzlement, no indictment is good without such an allegation. *Washington v. State*, 72 Ala. 272; *Commonwealth v. Butterick*, 100 Mass. 1; 97 Am. Dec. 65; *Gaddy v. State*, 8 Tex. App. 127; *Wise v. State*, 41 Tex. 139.

It is the breach of this fiduciary relation that constitutes the gist of the offense. *State v. Johnson*, 21 Tex. 775. If an indictment for embezzlement would be insufficient which attempted to charge it and failed by reason of omitting the necessary averments to make it a good pleading of a statutory offense, how much more reason there is for refusing to hold a defendant for embezzlement when no attempt or pretense is made of trying to inform him, that the state expects to prove an embezzlement but simply charges him with a larceny. *State v. Arter*, 65 Mo. 653; *State v. Stone, supra.*

*Fourth.* In larceny, the thief obtains possession of the goods by stealth and without holding any relation of trust to the owner. In embezzlement, under this section, he must obtain possession of the money or goods by virtue of his employment. *Fifth.* There can be no larceny without a trespass or felonious caption.

There can be no embezzlement, unless the defendant is in the lawful possession of the property of his employer. Indeed, it is clear that, if one is guilty of larceny, he is not guilty of embezzlement, and, if guilty of embezzlement, he cannot be guilty of larceny. *Fulton v. State, supra; Commonwealth v. Simpson*, 9 Metc.

(Mass.) 138.   How then can we say that an indictment
for one will be a sufficient notice to a defendant that he
will be tried for the other ?  Is it right,—not is this the
technical rule, but as between man and man, the state
and the citizen,—is it just to attempt to deprive him of
his liberty, without giving him a fair and clear state-
ment of the facts upon which his guilt rests ?  We think
not.   It is immaterial what an offense is named; the
constitution means the defendant shall have a right to
know of what he is accused.   Not the evidence, but a
clear statement of such facts as constitute the statutory
offense ( in this case ) so that he may know how and
what he must meet.   *Huntsman v. State*, 12 Tex. App.
619 ; *Baker v. State, supra*.

Indeed. the writer regards the argument of Judge
HURT in *Huntsman v. State* as unanswerable, and would
be perfectly willing to decide this case upon that author-
ity alone.   So we conclude that these two offenses as to
the sections we have considered are so materially differ-
ent and distinct, that the legislature having defined
each cannot permit a defendant to be put upon trial for
either, without an indictment that would advise him of
the nature and cause of the accusation, and we hold that
as the section now stands a mere general charge of lar-
ceny will not be sufficient to sustain a charge of embez-
zlement.   In other words, no one can be prosecuted for
a felony except upon an indictment for that felony.

To say that a man can be indicted for one crime and
convicted of a different one, is a denial of the right to
demand the nature and cause of the accusation.   If the
legislature desires to make larceny and embezzlement
one, they can do so by providing they shall have the
same ingredients ; but so long as by the legislative dec-
laration they are committed by different classes of per-
sons, by persons bearing different relations to each
other, and under different circumstances, they are dis-
tinct crimes, and, under the constitution, each crime

must be described in the indictment, and it follows a description of one will not fit the other, and it is not competent for the legislature to dispense with a material averment of a crime that it has defined. So we can answer that the instruction would not have been good if it had authorized the jury to find defendant guilty of embezzlement.

III. The 'jury in its verdict did not specify the count under which they found defendant guilty of petit larceny. The court ought not to have received such a verdict. The defendant was entitled, on the clearest principles of law and right, to know under which count they claimed he was guilty, and he was entitled of course to know on which he was acquitted. As it is, no one can know of which he is guilty, and of which he is innocent.

We are cited by the attorney general to *State v. Pitts*, 58 Mo. 556, as sustaining a general verdict where there are several counts in the indictment, but that case is not applicable here. In that case the several counts all related to the same transaction, one felonious assault. That case simply followed *State v. Jennings, supra*, and *State v. Bean*, 21 Mo. 267, and. *State v. McCue*, 39 Mo. 112.

In every case, the jury should respond to the whole case. If a civil case, to the whole petition. If a criminal case, to every count in the indictment. They should either acquit or convict on each count. *Wilson v. State*, 20 Ohio, 26; *Williams v. State*, 6 Neb, 334; *Casey v. State*, 20 Neb. 138; *Bricker v. Railroad*, 83 Mo. 391; *State v. Bedell*, 35 Mo. App. 551.

For these reasons, the judgment is reversed and remanded for a new trial in accordance with this opinion. As it goes back, we may as well say, that the court cannot be too careful in confining witnesses to what they know and in excluding their guesses and surmises.

MACFARLANE, J., concurs in paragraphs 1 and 3, and expresses no opinion as to paragraph 2. THOMAS, J., concurs in paragraphs 1 and 3 and will express his views as to the point involved in paragraph 2 in a separate opinion. Judgment reversed, and the cause remanded.

THOMAS, J.—I do not concur in paragraph 2 of the foregoing opinion. I do not believe that section 3947, Revised Statutes, 1889, is in conflict with section 22 of our bill of rights, which provides that a party accused of crime shall have the right "to demand the nature and cause of the accusation." The word "embezzlement," as used in section 3947, *supra*, I construe to mean that technical embezzlement which differs from larceny only in this: That the latter implies a wrongful taking, while the former does not. Larceny is defined to be the taking and removing by trespass of personal property, which the trespasser knows to belong, either generally or specially, to another, with the intent to deprive the owner of his ownership therein absolutely. If the words "by trespass" be eliminated from this definition of larceny, we will have a definition of embezzlement as that word is used in this section. A party can be convicted of embezzlement under an indictment for larceny, and for larceny under an indictment for embezzlement, only when the wrong-doer takes money or property of another with the intent to deprive the owner of his ownership therein absolutely. The *gravamen* of the charge in either case is the larcenous intent, the *animus furandi*, of the wrong-doer. The relation the wrong-doer sustains to the owner of the property taken, either in larceny or embezzlement, is not an essential element of crime, and the legislature can, therefore, dispense with an averment of it. This view is supported by the cases of *State v. Porter*, 26 Mo. 201, and *State v. Broderick*, 70 Mo. 622. The cases of *State v. Arter*, 65 Mo. 653, and

*State v. Gabriel,* 88 Mo. 632, are not in conflict with the *Porter* and *Broderick cases, supra,* because in each of those cases the accused was indicted for a common-law larceny, and it was held he could not be convicted on evidence showing a statutory larceny. There is no statute authorizing such a conviction in such a case. But as to larceny and embezzlement we have an express statute authorizing the conviction of the accused of one upon an indictment for the other, but no such conviction ought to stand unless the larcenous intent be proved, and found by the jury to exist. In the case at bar the court, in its definition of an embezzlement for which the defendant might be found guilty under an indictment for larceny, wholly omitted the element of the *animus furandi,* and thus committed reversible error.