THE STATE v. THOMPSON, *Appellant*.

Division Two, May 31, 1898.

1. **Larceny**: EMBEZZLEMENT: CONVICTION: VARIANCE. Under section 3947, Revised Statutes 1889, one may be indicted for grand larceny and convicted of embezzlement. (GANTT, P. J., dissenting.)

2. ——: ——: ——: INSTRUCTIONS. In this case the indictment was for grand larceny alone, and the instruction related to the crime of embezzlement alone.

3. ——: ——: ——: LESSER CRIME. Embezzlement is a minor grade of grand larceny. It embraces all the elements of larceny except the unlawful or felonious taking of the property embezzled, embezzlement necessarily implying that the property is lawfully in the possession of the embezzler. So that a conviction for the lesser crime, when indicted for grand larceny, is not error.

4. ——: ——: ——: CONSTITUTIONALITY. Nor is the statute permitting one indicted for grand larceny to be convicted of embezzlement in conflict with that part of the Constitution providing that in all criminal prosecutions the accused shall have the right "to demand the nature and cause of the accusation."

5. **Constitutionality of Statute.** A statute will not be declared void as violative of the Constitution, unless its unconstitutionality appears beyond a reasonable doubt.

*Appeal from Hannibal Court of Common Pleas.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*D. H. Eby* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)  The indictment given and the verdict as found by the jury showed the defendant to be convicted of embezzlement and not larceny of the money; there being absolutely no evidence in support of a finding for larceny.  The question then arises will an indictment of this character support such a finding, and were instructions on the question of embezzlement warranted?  If we are to follow the provisions of section 3947, Revised Statutes 1889, the right to do so can not be questioned. Defendant in his motion in arrest of judgment questions the constitutionality of this section on the ground that to convict the defendant of embezzlement under an indictment charging larceny, is to convict him without having fully informed him as to the nature and cause of the accusation against him, which he is entitled to know by virtue of article II, of section 22, of our bill of rights.  This section had been passed upon and its constitutionality upheld in the following cases: *State v. Porter*, 26 Mo. 201; *State v. Broderick*, 70 Mo. 622; *State v. Owen*, 78 Mo. 374; *State v. Broderick*, 7 Mo. App. 19.  (2)  It is submitted that the crime of embezzlement embraces all the elements of larceny, except the actual taking of the property embezzled, that being already in the possession of the embezzler.  6 Am. and Eng. Ency. of Law, sec. 456; *State v. Baldwin*, 7 Iowa, 180; *State v. Braunbager*, 28 Minn. 226; Roscoe's Crim. Ev., sec. 453; *State v. Tracy*, 73 Md. 447; *State v. Witworth*, 11 Tex. App. 414.

BURGESS, J.—The defendant was convicted in the Hannibal Court of Common Pleas of embezzlement,

and his punishment fixed at three years' imprisonment in the penitentiary, under a count in an indictment charging him with grand larceny. He appealed.

There were two counts in the indictment. The first was for grand larceny and the second for embezzlement. The second count was dismissed. The first count, under which the conviction was had, charged that defendant, on the seventeenth day of September, 1895, in Mason township in the county of Marion and State of Missouri, did then and there $300 in lawful money of the United States, of the value of $300, of the personal property of one Fletcher Buckner then and there being unlawfully steal, take and carry away against the peace and dignity of the State.

At the time of the commission of the alleged offense defendant lived at Hannibal, Missouri, and was engaged in the insurance business, representing among other companies the New York Life. One Gabe Buckner had taken out a policy of life insurance in said company in favor of his wife, Fletcher Buckner, for $1,000. Gabe Buckner died, and the defendant represented the company in the settlement with Mrs. Buckner for the insurance. On the fifteenth day of September, 1895, defendant received from said company a draft in settlement of said insurance for the sum of $995.50, which was payable to her. This draft she indorsed, and at her request defendant went to the German-American Bank in Hannibal, and received the money on it from U. G. Osborne, the cashier. After defendant received the money he drove out in a buggy to Mrs. Buckner's place of residence and called to her saying, "I have come to pay that claim." She then went out to the buggy, and defendant took the package out of his pocket, opening it sufficiently for her to see that there was money in it and handed it to her, remarking at the time, "I bet this is more money than

you ever had in your life before.'' He then asked her what she was going to do with it; and she told him she was going to put it in the bank. Mrs. Buckner was an illiterate woman and unable to count the money, and on her way to the German-American Bank to deposit it, she met an acquaintance by the name of Michiltree, and asked him to count it for her, which he did, and found there were only $700 in the package. She did not know up to this time how much money was coming to her upon the policy, but upon going to the bank and handing the money to the cashier, Osborne, who counted it, and finding only $700 in the package informed her that there ought to be $1,000, and asked her if she had not taken some out of the package. She had not done so. Osborne, the cashier, testified that when he paid the money to the defendant on the draft he gave him $1,000 including two bills of $100 each. About noon on the same day that defendant paid the money to Mrs. Buckner, he boarded a train for St. Louis, but was arrested on the way at Troy, Missouri, on a telegram. Upon being searched it was found that he had two $100 bills and about $80 in smaller denominations upon his person. Defendant denied having taken the money from the package. He stated that while in his room in the morning before he took the money to Mrs. Buckner, he took the two $100 bills out of the package and placed in their stead $200 in bills of smaller denominations. The court of its own motion gave the following instruction to the jury, over the objection of defendant:

"2. If the jury find from the evidence in the cause beyond a reasonable doubt that at any time within three years prior to the 24th day of September, 1895, in Mason township, in Marion county, Missouri, the defendant delivered to Fletcher Buckner a draft for money payable to said Buckner, and

that said Buckner indorsed said draft and delivered it to defendant for collection for said Buckner, and that the defendant collected said draft and received the amount of the same on said draft from the German-American Bank; and if the jury further find that the defendant willfully converted any portion of the money so received by him on said draft to his, the defendant's, own use, and that said money, so converted to his own use, was the lawful money of the United States, and was of the value of more than $30, and was the property of said Buckner, and that said money was so converted to the defendant's own use, with the intent, on defendant's part, to permanently deprive said Buckner of her said property without said Buckner's consent and without any honest claim · or belief on defendant's part that he was lawfully entitled to said money but for the purpose of dishonest gain, then the jury will find the defendant guilty of embezzlement of property of the value of more than $30 under the first count of the indictment and assess his punishment at imprisonment in the penitentiary for a period of not less than two years and not more than five years.''

The defendant is not represented in this court, but in the motion for a new trial filed by counsel who appeared for him in the trial court, the point was made, among others, that the court committed error in giving this instruction. The other points we think unworthy of consideration. The only question then is whether under section 3947, Revised Statutes 1889, a person can be indicted for grand larceny, and convicted of embezzlement under the same indictment, by reason of the provisions of that section, which provides that upon an indictment for larceny the defendant may be convicted of embezzlement, and *vice versa*. The cor-

rectness of this instruction depends upon the proper solution of this question.

At common law embezzlement was merely a breach of trust, and not an indictable offense, in which respect it differs from larceny. While embezzlement embraces in a large measure the characteristics of theft, it is under our statute a separate and distinct offense. Theft involves the idea of unlawful taking, a trespass, whereas embezzlement is the fraudulent conversion of personal property already in the lawful possession of the person who wrongfully and feloniously appropriates it to his own use. They are therefore similar in character, embezzlement being a minor grade or degree of larceny. In order to a conviction in the latter case, it must be shown that there existed a felonious intent to steal at the time of the taking of the property, while in the former the possession is lawful, and the intent to feloniously appropriate it is formed after it comes into the possession of the person by whom it is wrongfully appropriated. Under our statute the punishment for grand larceny and embezzlement is the same and counts for both offenses may be joined in the same indictment. Revised Statutes 1889, sec. 4103. And where they relate to the same transaction, as in the case at bar, the State will not be compelled to elect upon which count it will proceed. *State v. Porter*, 26 Mo. 201.

In *State v. Porter*, 26 Mo. 201, it was in effect held that a person indicted for grand larceny might be convicted of embezzlement under section 15, article IX, of the act concerning crimes and punishments. R. S. 1855, p. 641; sec. 3947, *supra*. In *State v. Broderick*, 70 Mo. 622, the defendant was indicted for the larceny of three mules, and was found guilty of embezzlement. It was held that the verdict was proper, and that our statute expressly authorizes a person indicted for embezzle-

ment to be convicted of larceny, and *vice versa*.   See, also, *State v. Owen*, 78 Mo. 367; *State v. Broderick*, 7 Mo. App. 19.

In case of larceny it must be made to appear, not only that the felonious intent existed at the time of the taking, but that the property was moved in furtherance of the purpose to steal, while much less proof is required in case of embezzlement.   So that larceny being the greater offense, necessarily includes embezzlement.   "The crime of embezzlement embraces all the elements of larceny, except the actual taking, of the property embezzled, that being already rightfully in the possession of the embezzler."   *State v. Baldwin*, 70 Iowa, 180.

The instruction being in accordance with what has been said there was no variance between it, the charge in the indictment and the proof, and unless section 3947, is in conflict with section 22, of the Bill of Rights in the Constitution of Missouri, 1875, the judgment must be affirmed.   This section provides, that in criminal prosecutions the accused shall have the right, "to demand the nature and cause of the accusation" against him.   Of what right, if any, guaranteed to defendant by the Constitution was he deprived upon the trial of this cause?   The indictment informed him that he was charged with stealing $300 from Mrs. Buckner, as well also of the time and place.   He received the money for her all at one time, and appropriated near $300 of it to his own use at one time.   He never at any time received but the one sum of money for her, and while charged in the indictment with stealing the money he knew perfectly well that it was for the wrongful appropriation of it to his own use. He could not possibly have been mislead by the charge.

It is true that it was held in *Regina v. Gorbutt*, 1 Dearsly & Bell's Crown Cases, 166, under an act of

Parliament which provides that a prisoner indicted for
stealing may be convicted of embezzlement, that he
can not be convicted of stealing if there is only evi-
dence of embezzlement; but that case was not well con-
sidered.   It does not attempt to give any reason for the
conclusion reached, and is not entitled to much con-
sideration as an authority.   In 1880 the Revised Code
of Criminal Procedure of the State of Texas (art. 714,
sec. 6) provided that in a prosecution for theft a con-
viction might be had for "embezzlement, and all un-
lawful acquisitions of personal property punishable by
the penal code," and it was held by the court of ap-
peals of that State in *Simco v. State*, 8 Tex. App. 406,
that it authorized a conviction of embezzlement under
an indictment for theft, and was not violative of arti-
cle I, section 10, of the Bill of Rights of the Constitu-
tion of the State which provides, "That in all criminal
prosecutions the accused . . . . . . shall have the right
to demand the nature and cause of the accusation
against him and to have a copy thereof."   The same
conclusion was reached in the subsequent case of
*Whitworth v. State*, 11 Tex. App. 414, in which it was
said:   "The indictment in this case informed the
defendant that he was called on to answer a charge of
theft of money alleged to belong to one Jordan.   The
indictment was sufficient to apprise the defendant of
the nature and cause of the action against him, and the
statute informed him that the jury might acquit him
of the major offense charged therein and at the same
time convict of the minor grade of the offense, which
the legislature has said is included within the greater;
so that we are wholly unable to see that any provision
of the Constitution has been impinged or infracted by
the legislative enactment.   The question is one of
proof rather than one of pleading, somewhat analogous

to the rule in indictments for assault with intent to murder.   Now, if one be indicted for the theft of property of a certain description, the property of an individual named in the indictment, and on the trial the proof should not be sufficient to warrant a conviction for the major offense charged in the indictment, can he be heard to complain at being convicted of an inferior degree of the offense charged against him?   Or can he be heard to complain that the jury has convicted of a misdemeanor and not of felonious theft?   Our conclusions are that that portion of the Code found in clause 6 of article 714 of the Code of Criminal Procedure which authorizes a conviction for embezzlement under an indictment for theft must, under the authorities, be maintained by the judiciary as not in violation of that provision of the Constitution which declares that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him."   HURT, J., dissented.   But in 1882, there was a change in the personnel of the court, and in *Huntsman v. State,* 12 Tex. App. 619, *Whitworth's* case was expressly overruled, the court holding that the statute was violative of the Constitution and void.   So that it appears that the highest criminal tribunal of that State has been upon both sides of the question.

The statute in question has been in force in this State since 1855, and its constitutionality was never questioned until in *State v. Harmon,* 106 Mo. 635, and then no conclusion was reached.   Its validity was recognized in the *Porter, Broderick* and *Owens* cases, and before it should now be held violative of the Constitution and void, it ought to appear to be clearly so. This court has repeatedly held that it will not declare a statute void because violative of the Constitution unless its unconstitutionality appears beyond a reasonable doubt.   *State v. Able,* 65 Mo. 357; *Ewing v.*

*Hoblitzelle,* 85 Mo. 64; *Kelly v. Meeks,* 87 Mo. 396. And when it is considered that the constitutionality of this statute has remained unchallenged for over forty years, that the crime of embezzlement is a lower grade of grand larceny; that the punishment is the same for both offenses; that less proof is necessary to a conviction in a prosecution for embezzlement than in a prosecution for grand larceny; that the same kind of evidence is admissible, and the same defenses available to the defendant in both cases, it can not be said that the defendant was deprived of any right guaranteed to him by the Constitution, and therefore its unconstitutionality appears beyond a reasonable doubt.

We express no opinion as to whether under an indictment for embezzlement a person could be convicted of larceny.

The judgment should be affirmed. It is so ordered. SHERWOOD, J., concurs; GANTT, P. J., dissents for the reasons stated in his opinion in *State v. Harmon,* 106 Mo. 635.