## STATE OF MISSOURI, Respondent, v. FRANK CORNWALL, Appellant.

### St. Louis Court of Appeals, March 26, 1901.

1. **Criminal Law:** CRIMINAL PROCEDURE: INDICTMENT: LARCENY: EMBEZZLEMENT: VERDICT. On a conviction under an indictment for larceny, if the evidence proves the defendant guilty of embezzlement, the verdict should be guilty of embezzlement and not guilty of larceny, and a general verdict of guilty would not be sufficient.

2. ———: ———: ———: FORFEITURE OF CITIZENSHIP. A conviction of larceny works a forfeiture of citizenship (section 1991, Revised Statutes 1899) while a conviction of embezzlement, if the punishment be other than by imprisonment in the penitentiary, does not.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis Henry Clark,* Judge.

REVERSED AND REMANDED.

*G. N. Fickeissen* for appellant.

(1)   When there are several counts in an information or indictment, a general verdict is only permitted when all of the counts charge one and the same offense.   The verdict in this case is a general verdict and as such is insufficient to sustain judgment for the reasons hereinafter assigned.   (2) Larceny and embezzlement are separate and distinct crimes. One is common law and the other a statutory offense.   R. S.

1899, sec. 2367; State v. Harmon, 106 Mo. 635; State v. Baker, 144 Mo. 314. (3) The very language of section 2347 is, that under one charge a conviction for "another offense" shall be lawful. (4) To convict of larceny, different evidence is necessary than to convict of embezzlement and vice versa. When the evidence shows larceny and the verdict is for embezzlement, or when the evidence makes a case embezzlement and verdict is for larceny, the verdict will be set aside and a new trial ordered. State v. Harmon, 106 Mo. 635.

No brief filed for respondent.

BLAND, P. J.—This cause is here on the record proper, only. There are two counts in the information. One for embezzlement, the other for larceny. The thing alleged to have been embezzled is the identical thing alleged to have been stolen, to-wit: a framed picture of the value of five dollars.

Defendant was tried by the court sitting as a jury, who, after hearing the evidence and argument of counsel—to quote the record—"doth find the defendant guilty of said charge." The punishment was assessed at a fine of one hundred dollars.

The contention of appellant is, that the verdict should have specified on which of the two counts defendant was found guilty and that it is not ascertainable from the verdict whether defendant was found guilty of embezzlement or of larceny. Section 2367, Revised Statutes 1899, provides, that one indicted for larceny may be convicted of embezzlement, and vice versa, where the evidence in the one case shows the defendant not guilty of larceny but of embezzlement, and in the other where the evidence shows he is not guilty of embezzlement but is guilty of larceny. The statute does not authorize a conviction of embezzlement on an indictment for larceny, nor of larceny on an indictment for embezzlement, unless the evidence war-

rants it.    State v. Harmon, 106 Mo. 635.    A general verdict
on an indictment containing several counts for the same offense
is good, but is not good on an indictment containing several
counts for distinct offenses, though of the same grade.    State
v. Harmon, supra.    Larceny is an offense at common law; em-
bezzlement is a kind of larceny created by statute, and is of a
grade below the offense at common law (State v. Thompson,
144 Mo. 314; State v. Harmon, supra), though the punish-
ment is the same.    On a conviction under an indictment for lar-
ceny, if the evidence proves the defendant guilty of embezzle-
ment, the verdict should be guilty of embezzlement, and not
guilty of larceny, and a general verdict of guilty would not be
sufficient (State v. Harmon, supra), for the reason the con-
viction is of an offense which the defendant is not formally
charged, and of one which is imported into the charge by force
of the statute only, and is based not alone upon the indictment,
but conjointly on the indictment and the statute.    Without the
statute the indictment would not support the verdict, hence,
the verdict must specify the offense of embezzlement for the
purpose of importing the offense within the scope of the in-
dictment.

A conviction of larceny works a forfeiture of citizenship
(section 1991, Revised Statutes 1899), while a conviction of
embezzlement, if the punishment be other than by imprisonment
in the penitentiary, does not.    For this reason, if for no other,
the appellant was entitled to a special verdict, specifying on
which of the two counts he was found guilty.    He is entitled
to know whether, by the conviction, his citizenship is forfeited,
or whether he is, notwithstanding the conviction, entitled to
vote, to hold any office of honor, trust or profit in this State,
or whether he is competent as a juror.

The judgment is reversed and the cause remanded.    All
concur.