THE STATE v. FINDLEY, *Appellant.*

1. **County Collector:** OFFICER: EMBEZZLEMENT OF PUBLIC MONEYS. The evidence in this case examined and *held* to support a conviction, under Revised Statutes, 1879, section 1326, of embezzlement of public moneys by defendant as county collector.

2. —— : —— : —— : EVIDENCE. It was not necessary to produce defendant's commission to show that he was an officer ; the fact that he received the tax books as collector and proceeded to perform the duties of the office were sufficient evidence of his official character.

3. —— : —— : —— : ——. Nor was it a valid defense to the indictment that defendant failed to take the oath of office or to give bond for the performance of his duties.

The State v. Findley.

4. **Evidence; VOLUMINOUS BOOKS.** A witness who has examined books and papers too voluminous to be conveniently examined in court can testify as to the result of his investigation.

5. **County Collector, Embezzlement by: TIME OF INTENT.** It is immaterial on the trial of an indictment of an officer, under Revised Statutes, 1879, section 1326, for embezzlement of public money, whether the defendant formed an intent to convert the money to his own use at or after the time he collected it.

6. ———— : ———— : **TAX BOOKS.** Where the defendant in such case received and accepted the tax books, he is liable, although the tax books were not properly certified.

7. **Criminal Practice : REMARKS OF TRIAL JUDGE ON THE EVIDENCE.** The trial court should refrain from comments on the evidence, but a judgment will not be reversed for error in that regard, where it does not appear that defendant was prejudiced by the remarks of the judge.

8. ———— : **REMARKS OF PROSECUTING ATTORNEY.** Objection to certain remarks of the prosecuting attorney made in his argument to the jury *held* too trivial to demand serious consideration.

*Appeal from Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Olden & Green* for appellant.

(1) The verdict is against the evidence. (2) The court permitted incompetent evidence to go to the jury; the testimony of the witness Smith, as to result of his examination of the tax books, should have been excluded. (3) The remarks of the prosecuting attorney, as to the excluded testimony of Skinner, constituted error. *State v. Lee*, 66 Mo. 165; *State v. Kring*, 64 Mo. 591. (4) The judgment should be reversed for the remarks of the judge made in the progress of the trial ; they were comments on the evidence and prejudicial to the defendant. *Hair v. Little*, 28 Ala. 236.

The State v. Findley.

*John M. Wood,* Attorney General, for the State.

(1) Defendant cannot complain of the fourth instruction given for the state. Where evidence consists of voluminous facts requiring inspection of many books and papers, the examination of which could not conveniently take place in evidence, secondary evidence of their contents is admissible. So a witness who has examined the accounts of the parties may be allowed to speak to their general balance, without producing the accounts. 1 Green. Ev., sec. 93; Whar. Crim. Ev. [9 Ed.] sec. 166. (2) The offense consists in the unlawful conversion by an officer of public money which came into his possession as such; and it is immaterial at what time the intent was formed. (3) There was no error committed in refusing instruction numbered 10. asked by defendant. It is not necessary to prove the written appointments of public officers. All who are proved to have acted as such are presumed to have been duly appointed. 1 Green. Ev., sec. 92; Whar. Crim. Ev., sec. 164. (4) It was shown that defendant had possession of the tax books for the year 1884, and was collecting the taxes thereon. It is not permitted for him to say they were not duly authenticated, or that he had no authority to make the collections. There was no error in refusing the eleventh instruction prayed for by defendant. *State v. Heath,* 70 Mo. 565. (5) The objections made to the remarks of the court in ruling upon questions, and in reply to defendant's attorney, are trivial. It is impossible to discover wherein they could have prejudiced the cause of defendant. (6) The alleged improper remarks of council for the state do not constitute grounds for a reversal. *State v. Zumbunson,* 86 Mo. 111; *State v. Emory,* 79 Mo. 461.

BLACK, J.—The indictment in this case is based upon section 1326, Revised Statutes, 1879. The substance of the charge is that defendant on the fifteenth of January, 1884, being then the duly elected and qualified collector of Howell county, and having in his charge public moneys which he had received and collected by virtue of his office to the amount of seven thousand dollars, embezzled and converted the said moneys to his own use. The trial resulted in a verdict of guilty, with a sentence of five years' imprisonment.

The errors assigned are, *First*, want of evidence to support the verdict; *second*, introduction of improper evidence; *third*, improper remarks by the court and of counsel assisting the prosecuting attorney; and, *fourth*, giving and refusing to give instructions.

The evidence is, in substance, as follows:

Henry Dryer: "I was one of the county judges of Howell county in 1884 and 1885; the defendant was collector of that county in 1884; he went out of office March 1, 1885, and was succeeded by W. C. Gum. The defendant never did make any settlement, and the sheriff was appointed to take the books from him. He said, if we would give him further time so that he could get his money out of those tax receipts he had given out and never received the money on, he could make settlement; this was in April, 1885. After this Smith and Van Wormer were appointed to make settlement. I told him what it was, and he said 'that it was too much,' that he could beat that count; this was the last of May, 1885."

Smith testified that defendant was not present at the time he and Van Wormer made the settlement, and did not co-operate with them; that at one time he brought some books, but was not present more than an hour during the three days and nights they were making the settlement; that they found a deficit of over

seven thousand dollars. The witness then gives the amount collected and paid over to the treasurer and the amount collected and not paid over, aggregating $19,419.50. The state called the treasurer who testified to payments made to him by defendant aggregating over twenty-six thousand dollars. The witness Smith being recalled stated that the settlement spoken of by him did not include the delinquent lists; that all he and Van Wormer knew about taxes having been paid was from finding the mark "paid" opposite the names of the taxpayers; that those marks were made by defendant or his deputies. The tax books of 1884 and the defendant's bank account were put in evidence.

The defendant, testifying in his own behalf, stated that his dwelling house was destroyed by fire in December, 1884, or first of January, 1885. He says: "At the time it was burned I had in it fourteen hundred dollars of registered warrants taken as taxes by me. I had others which had not been listed amounting to thirteen hundred or fourteen hundred dollars. I had in the house over three hundred dollars in school warrants. I had about sixteen hundred dollars' worth of tax receipts which had been made out for the parties who owed the tax, and the tax book had been marked paid when, in fact, I had not received one cent of the money. I had in my safe three hundred or four hundred dollars, made out for citizens and taxpayers, which had been made out, the books marked paid, and the parties had not then and have not yet paid any of it, and I have here with me those receipts. I also had in my house as much as three thousand dollars, money, which I had collected belonging to the county. All of the county warrants, the school warrants and the money and the unpaid tax receipts I had were destroyed by the burning of my house."

The state then offered evidence to the effect that defendant said to different persons he lost about three

hundred dollars, and also evidence to the effect that all county warrants issued in 1884 had been paid.

If the evidence for the state was competent and properly received, then the state made out a case. The proof is positive that defendant was in default nearly seven thousand dollars. It is true this fact is testified to alone by the expert witness Smith, who examined the books with Van Wormer. But he got his information for the basis of the calculation from the taxes marked "paid" on the tax books. These books were thus marked by defendant and his deputies, and the books were original and the very best of evidence against the defendant. A point is made on the fact that the treasurer's books show payments made by the collector in excess of the amount which Smith says defendant collected ; but Smith is speaking only of the tax books of 1884, and it appears that the prior delinquent tax lists were also in the hands of the defendant. Smith's evidence is clear that there was a deficit of nearly seven thousand dollars on the taxes of 1884. But this is not all. The clear admission of the defendant is, that he had in his hands money of the county to the amount of three thousand dollars. It is by the loss of this money in the conflagration of his dwelling and the loss of warrants and tax receipts that he attempts to account for something over seven thousand dollars. His statements to others tend to show that the loss of money by the fire did not exceed three hundred dollars. There is good ground for believing that the alleged loss by fire was a pure fabrication contrived and sworn to by the defendant to cover up his well-known defalcation.

2. It was not necessary to produce the defendant's commission to show that he was collector. The fact that he received the tax books as collector and proceeded to perform the duties of collector was evidence of his official character. Whart. Crim. Ev. [.9 Ed.]

secs. 164 and 833. There was no error, therefore, in allowing the county court judge to testify to the fact that defendant received the tax books and acted as collector for 1884. Besides this the defendant's commission was put in evidence at a subsequent stage of the trial.

Nor is it any defense in this case that the defendant failed to take the oath of office or give bond for the performance of his duties. Being an officer *de facto* he cannot object that he is not an officer *de jure*. 1 Bishop on Crim. Law [ 6 Ed.] sec. 464 ; *State v. Dierberger*, 90 Mo. 371. It was not, therefore, incumbent upon the state to show that defendant took the oath of office or gave an approved bond, and defendant's tenth instruction was properly refused.

3. It appears the expert witness Smith was, with Van Wormer, engaged three days and nights in the examination of the tax books, receipt stubs and other papers. These books and papers were present on the trial and the books were in evidence. The witness was allowed to give the result of his examination, and there was no error in this ruling. It was but giving the result of a mass of books and papers too voluminous to be conveniently examined in court, and in such cases it is competent for the witness to speak as to the result of the accounts. *Masonic Mut. Benefit Society v. Lackland*, 97 Mo. 138 ; 1 Greenleaf's Ev., sec. 93 ; Wharton's Crim. Ev. [ 9 Ed.] sec. 166.

4. The defendant's ninth refused instruction asserts the proposition that to authorize a conviction the jury must find that the defendant received the money with the intent, at the time of receiving the same, to convert and appropriate it to his own use. This instruction was properly refused. It is wholly immaterial whether the defendant formed the intent to convert the money to his own use at or after he collected the same. The eleventh refused instruction contains the proposition that to convict it must appear that the tax books of 1884 were duly authenticated by the

official seal of the clerk of the county court. It can make no difference in this proceeding whether the tax books were properly certified or not. The defendant received and receipted for them, and the moneys collected in payment of taxes extended thereon were public moneys. They were none the less public moneys because the tax books may not have been duly certified.

5. The attorney for the defendant, in making an objection to parol evidence that defendant performed the duties of collector, suggested that if defendant was charged with murder it would be necessary to show that some one had been killed ; and thereupon the court said, in the hearing of the jury, "this crime does not lie around like a dead man." During the cross-examination of the defendant he said : "I said when talking to my friends about the burning, that I was ruined." Then follows this statement in the bill of exceptions : "At this juncture the court, in ruling on the defendant's answers to questions propounded by the attorneys for the state, remarked, in the presence of the jury, 'that the defendant's memory does not seem to be very good about the county warrants he had at the time of the burning,' to which remarks by the court the defendant objected and excepted at the time."

As to the remark of the judge concerning the memory of the defendant, it does not appear in what connection it was made. The questions propounded by the prosecuting attorney are not preserved, nor are the rulings of the court. There is nothing to show that this remark was intended to be or could have been a reflection upon the evidence of the witness. Trial courts should abstain from comments upon the evidence, but there is nothing in any of these remarks of the judge which could have in the least prejudiced the defendant.

6. Mr. Skinner had been called as a witness by the state, but on the objection of the defendant his evidence was excluded. On the argument of the cause an

attorney, assisting the prosecuting officer, alluded to the purpose for which the witness had been called, and then said, defendant objected to proof by the state of what Skinner heard the defendant swear in a case wherein one of the defendant's deputies was charged with a criminal offense.   A statement of this objection is sufficient to dispose of it.   The objection is too trivial to demand serious consideration.

No specific objection is made to any of the instructions given by the court.   They are full and fair.   The defendant has violated a plain statute by converting to his own use public moneys, and he must suffer the consequences.   The judgment is affirmed.   All concur.