STATE v. EUGENE F. ROUSSIN, Appellant.—No. 39556.—189 S. W. (2d) 983.

Division Two, November 5, 1945.

*John E. Swanston* for appellant.

*J. E. Taylor*, Attorney General, and *Aubrey R. Hammett, Jr.*, Assistant Attorney General, for respondent.

BOHLING, C.—Eugene F. Roussin appeals from a judgment, conforming with the verdict of the jury, imposing a punishment of two years' imprisonment for the crime of "grand larceny" in that "on the 11th day of August," 1943, he "feloniously did steal, take and carry away" $115 lawful money, the property of the City of St. Louis, a municipal corporation. The principal assignments of error in the motion for new trial question the sufficiency of the evidence to make a submissible issue of grand larceny, involving also the failure of the court to instruct on embezzlement. We think appellant is guilty of embezzlement under Sec. 4478, R. S. 1939, and not guilty of grand larceny under Sec. 4456, R. S. 1939. Appellant has filed no brief.

Before taking up the main issue, we mention a complaint that the State's main instruction permitted a verdict of guilty upon a finding that appellant committed the offense "on or about the 11th day of August, 1943, or at any time within three years next before the filing of the information herein" whereas the information charged the commission of the offense "on the 11th day of August," 1943. The better practice so obviously is to have the charge embrace the time expected to be covered and to have the instructions restricted to the time actually established by the evidence that we make no further comment. Reversible error in this respect is not shown by the instant record.

The substance of the issue involving the sufficiency of the evidence in the motion for new trial, as we understand, is that appellant, if guilty, was guilty of embezzlement, not grand larceny, and herein of the failure of the court to instruct on embezzlement. The essential facts of the State's case follow:

Appellant was employed in March, 1942, by the City of St. Louis as an assistant to the Examiner of the Accounts in the Department of the Comptroller of said City and served in that capacity under Mr. Ben Rives, the Examiner of the Accounts, until appellant's resignation on October 1, 1943. A great number of items are collected through the office of the Comptroller and handled through the accounts of which appellant had charge under Mr. Rives. The cash and checks received on behalf of the City in payment would be allocated to the proper account and then turned over to the City Treasurer approximately once a week. Appellant and Mr. Rives were charged with making these collections, it being primarily the duty of the appellant, and it was appellant's duty to account for and deposit the collections with the City Treasurer. An audit was made covering the collections appellant accounted for between July 29, 1943, and August 9, 1943, and it disclosed that $12,208.86 was collected and only $12,093.86 was accounted for and turned over to the City Treasurer, making a shortage of $115. Appellant had made his settlement with the City Treasurer on August 11, 1943, for the period involved. When confronted with the situation brought to light by the audit, appellant admitted he had been taking money from the cash drawer for a year or so and using it in purchasing drinks at downtown taverns. At first he would make good the amount on pay days, but soon discontinued doing so and kept no account of his shortages.

Appellant, for defense, denied stealing or appropriating any of the City's money.

The learned Attorney General and his Assistant argue in a brief exhaustively and ably presenting their position that the judgment should be sustained on the theory (1) appellant merely had the custody and not the possession of the money, or (2) if appellant had the possession, he, at the time he received the money, intended to convert it to his own use and in either event the trespass necessary to sustain a larceny existed. The State relies on authorities like: State v. Kennedy (Mo. App.), 239 S. W. 869[1, 2]; Fitch v. State, 135 Fla. 361, 185 So. 435, 125 A. L. R. 360 (containing an annotation on the effect of the distinction between custody and possession); State v. Harrison, 347 Mo. 1230, 1236[3], 152 S. W. 2d 161, 164[4-7]; State v. La France (Mo.), 165 S. W. 2d 624[2-5], 146 A. L. R. 529 (containing an annotation on the distinction between larceny and embezzlement); and 32 Am. Jur., Tit., Larceny, Secs. 6, 10, 56, 60. We find no fault with the cases cited, or with what was said in State v. Gould, 329 Mo. 828, 835, 46 S. W. 2d 886, 889[2, 3], anent estoppel to deny agency on a trial for embezzlement and hair-splitting distinctions in ascertaining the precise instant of the origin of the criminal intent to convert. These cases correctly expound the law on the facts and issues presented for determination. They recognize the basic distinction between larceny and embezzlement. In larceny

the taking of possession is unlawful, a trespass, whereas in embezzlement the taking is lawful and the unlawful conversion subsequently occurs. Harboring a felonious intent to convert at the time of receipt, causes an otherwise honest taking of possession from the owner to become a fraud and a trespass in the event of a subsequent conversion in furtherance of the intent. All difficulties attending distinctions between larceny and embezzlement have not been eliminated by the General Assembly. Making a trespass nonessential to larceny would remove much groundwork underlying discussions found in the books. Our statute on larceny (Sec. 4456, R. S. 1939) leaves the elements of that offense as defined at common law. State v. Jenkins (Mo.), 213 S. W. 796, 797[1]. Embezzlement is purely a statutory offense and much depends upon the wording of the particular statute involved. The cited cases do not involve the statute covering appellant's acts and they are not controlling.

Section 4478, R. S. 1939, defines an embezzlement, so far as sufficient to the instant case, as follows: "If . . . any officer, agent or servant of incorporated cities . . . shall convert to his own use, in any manner whatever, ▮ . . . any portion of the public moneys, or any moneys that may have come to him or them by virtue of his or their office or official position, or by virtue of any trust reposed in him or them, . . . every such officer, agent, servant, . . . shall, upon conviction, be punished . . ." as in the case of larceny.

The facts established by the State's evidence bring appellant's acts within these broader than usual embezzlement provisions. This statute prohibits the act by the persons therein designated of converting public moneys to their own use and not the act plus a specific intent. State v. Hailey, 350 Mo. 300, 306, 165 S. W. 2d 422, 426[5, 8]. Consequently as early held, it is immaterial in prosecutions of this nature whether the intent to convert was formed at or after the collection of the money. State v. Findley, 101 Mo. 217, 223.(4), 14 S. W. 185, 187(4). Holmes, J., in a leading case on distinctions between embezzlement and larceny stated, while considering the distinction arbitrary and not very satisfactory: "We must take it as settled that it is not larceny for a servant to convert property delivered to him by a third person for his master, provided he does so before the goods have reached their destination, or something more has happened to reduce him to a mere custodian . . ." Commonwealth v. Ryan, 155 Mass. 523, 30 N. E. 364, 15 L. R. A. 317, 318, 31 Am. St. Rep. 560, and cases there cited. Larceny usually arises from a single impulse. We understand our statutory embezzlement lends itself much more readily to an offense of a continuing nature. Consult Tucker v. Kaiser (Banc), 176 S. W. 2d 622, 625[6], and cases there cited. The scope of Sec. 4478 is broader than the statutory provisions involved in other cases wherein the offense has been held an embezzle-

·ment and not a larceny. In the instant case appellant was an employee, at least of the grade of a servant, of the City of St. Louis, and, as such, received money paid to said City by third persons by virtue of the trust reposed by the City in him for. its collection. It was his duty to take possession of the payments thus tendered, to retain the same until he accounted therefor, and to account for the payments and turn them over to the City Treasurer at intervals. He converted money so received to his own use before turning it over to the City Treasurer. Neither his intent nor the time of forming an intent to convert was an essential element of the offense. No issue of embezzlement was submitted to the jury. The jury's verdict expressly found him guilty of the only issue submitted; i. e., guilty of grand larceny, while the evidence showed him guilty of embezzlement under Sec. 4478.

Embezzlement and larceny are separate and distinct crimes in Missouri, defined by separate statutory provisions. Consult Secs. 4478 and 4456, supra, among others. The General Assembly, had it so desired, might have made these offenses one by providing that they should have the same constitutive elements. However, under the public policy of the State as declared by the General Assembly the offenses remain separate to be committed by persons under different legal relationships and under different circumstances. A judgment of guilty of the offense charged is not sustained by evidence establishing guilt of some other offense. For instance and apropos here: A conviction under the general larceny statute cannot stand where the evidence establishes an embezzlement only. State v. Harmon (1891), 106 Mo. 635, 646, 18 S. W. 128, 131[1]. Consult also Annotations, 87 Am. St. Rep. 21; 146 A. L. R. 532; 29 C. J. S. Embezzlement, p. 673, n. 32; 18 Am. Jur., Embezzlement, p. 572, n. 4. A judgment of guilty of making away with a motor vehicle with intent to embezzle is not sustained by proof of the larceny of the automobile. State v. La France (Mo.), 165 S. W. 2d 624[5], 146 A. L. R. 529. Consult also State v. Arter (1877), 65 Mo. 653; State v. Gabriel (1886), 88 Mo. 631, 641(IV).

Section 4842, R. S. 1939, authorizes a conviction for the offense of embezzlement upon a trial under a charge for larceny where the evidence establishes an embezzlement and the issue of embezzlement is submitted in appropriate instructions. The dictum in State v. Harmon, 106 Mo. 635, 648(II), 18 S. W. 128, 131.[2], questioning Sec. 4842 was not concurred in by the other judges and in the later case of State v. Thompson, 144 Mo. 314, 322, 46 S. W. 191, 194, met the express disapproval of the majority of this Division of the court.

In the circumstances, the judgment should be reversed and the cause remanded that the State may put the appellant upon ▮▮▮ his

trial in accord with the facts established of record. It is so ordered. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.