STATE of Missouri, Appellant,

v.

Robert MACE, Respondent.

No. 49189.

Supreme Court of Missouri.

Division No. 1.

June 11, 1962.

Thomas F. Eagleton, Atty. Gen., George D. Chopin, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Richard W. Mason, St. Joseph, for respondent.

HOLLINGSWORTH, Judge.

This is an appeal by the State of Missouri from an order quashing an information filed by the Prosecuting Attorney of Buchanan County on May 1, 1961, the charging portion of which was:

"* * * that between the dates of September 1st, 1960 and December 15, 1960, Robert Mace did wilfully and feloniously steal automobile tires of a value in excess of Fifty dollars ($50.00) lawful money of these United States from the General Tire Store at 1700 Frederick Avenue, St. Joseph, Missouri, the property of the General Tire Store of St. Joseph, Inc., a corporation, contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State."

On May 15, 1961, defendant was arraigned, at which time his counsel orally moved to dismiss the information on grounds it failed to specify the date on which the offense charged was alleged to have been committed. Upon denial of the motion, defendant stood mute, whereupon the court ordered entry of a plea of not guilty, and a pre-trial conference was set for June 12, 1961. On May 29, 1961, defendant, however, filed written motion to quash on grounds the information did not specify the date or dates on which the offense was allegedly committed; that it in effect charged the commission of several offenses without alleging the time and place of each offense so charged; that it was indefinite and uncertain; and that it was, therefore, impossible to defend such charge or charges. Hearing of that motion was held in abeyance. Thereafter, on June 28, 1961, defendant filed motion to make the information

more definite and certain on grounds: (1) "that plaintiff should be required to state the exact date or dates on which said automobile tires were stolen"; (2) "that plaintiff should be required to state the number and kind of automobile tires stolen"; and (3) "that plaintiff should be required to state the specific value of each automobile tire stolen." Thereafter, on October 23, 1961, the motion to make more definite and certain was sustained and the State was granted 15 days in which to file an amended information. The State failed and refused to comply with that order or attempt in any manner to justify its refusal to do so. On November 10, 1961, the motion to quash, which had been held in abeyance, was sustained, defendant was ordered discharged and the costs were taxed against the State, from which order the State perfected its appeal to this court. See S.Ct. Rule 28.04, V.A.M.R.; State v. Terrell, Mo., 303 S.W. 2d 26.

Defendant does not in this court assert that the information fails to charge him with a criminal offense. It is evident that it does. Sections 560.156, 560.161, RS Mo 1959, V.A.M.S. (to which revision all statutory references are made unless otherwise indicated). But that fact does not dispose of the question here presented: Does the information inform defendant of the particulars of the offense sufficiently to prepare his defense?

When the Legislature (Laws 1955, p. 507, §§ 560.156, 560.161), for reasons well known to all attorneys familiar with criminal procedure, repealed the multitude of confusing statutes dealing with the many grades and differing definitions, distinctions and penalties fixed for the crimes of larceny, embezzlement, and the fraudulent appropriation of the property of another, and in lieu thereof abolished the theretofore technically described distinctions between those offenses and placed all of them within the general term of "stealing", its purpose and intent were to avoid the many reversals of cases based upon

technical grounds. But these statutes do not and could not constitutionally do away with the right of the accused to demand the nature and cause of the accusation made against him. Article I, § 18(a), Constitution of Missouri, V.A.M.S. The requirements of an indictment or information have been thus well stated: "First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 574, 31 L.Ed. 516. See also United States v. Callanan, 1953, (U.S.D.C., Mo.) 113 F.Supp. 766.

Does the offense of which defendant is here charged refer to a single act of *grand larceny* or a series of *larcenies* (grand or petit), as defined at common law, or does it charge him with one or a series of acts which, in essence, come within the meaning of *embezzlement* as defined in any of our former statutes? Even the brief of counsel for the State does not attempt to advise the court of the basic elements of the offense or offenses the information here questioned does or may include. It intimates that the crime of defendant as charged is essentially *embezzlement*. One of the statements in the brief reflects, however, the insufficiency of the information to advise defendant of the nature of the offense with which he is charged. That statement says: "Therefore, we submit that, whether the instant case involves a situation of 'embezzlement' under the old law or not—the record is not clear on this—the State should certainly not be required to plead more under the new statutes than was requisite under the old."

The matter is of vital importance to defendant. He, of course, is presumably innocent and is not therefore chargeable with knowledge of the details of the crime with which he is charged. If, for example, the offense of which he, in effect, is charged is *embezzlement,* as distinguished from common law *larceny,* then time may not be the essence of the offense and the total amount "stolen" by any series of such acts might be taken as the total value of the property taken and subject him to the penalties now prescribed for the "stealing" of property of a value of more than $50.00. Prior to the changes made in the law in 1955, it was held that the crime of embezzlement may be a *continuing offense,* as where the accused lawfully came into the possession of money or property of another at different times, and thereafter criminally did "steal" it (as that term is now defined in §§ 560.156 and 560.161) from time to time in amounts eventually totaling the sum charged in the indictment. But even under a charge of that kind, although the State failed to prove the embezzlement of the whole sum, yet if it could show the embezzlement of a portion thereof, the charge would still be good. Tucker v. Kaiser, Mo., 176 S.W.2d 622, 625; State v. Adams, 355 Mo. 1186, 200 S.W.2d 75, 78[1]; State v. Roussin, 354 Mo. 522, 189 S.W.2d 983, 985; State v. Lomax, 322 Mo. 86, 14 S.W.2d 436, 438; 29 C.J.S. Embezzlement § 37c, p. 727.[1] On the other hand, if the alleged "stealing" of tires of a total value of more than $50.00 consists of a series of separate larcenous "stealing" of tires, each larcenous theft being of a tire or tires of a value of less than $50.00, then the offense constitutes a series of misdemeanors (unless there was a preconceived plan to commit grand "stealing" by a series of separate asportations of property of less than $50.00 value).

---

1. Whether these cases are still controlling under the new statutes (§§ 560.156, 560.-161), in which all of the aforementioned crimes are designated by the one general word of "steal", is not before us under the present record.

■ Supreme Court Rule 24.03 (based upon Federal Rule 7(f), 18 U.S.C.A., p. 176) provides:

"When an indictment or information alleges the essential facts constituting the offense charged but fails to inform the defendant of the particulars of the offense sufficiently to prepare his defense, the court *may direct or permit the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment and before the trial commences or at such other time before or after arraignment as may be prescribed by rule or order of the court.* A bill of particulars may be amended at any time subject to such conditions as justice requires." (Emphasis supplied.)

We are not unmindful of the fact that the defendant did not literally comply with S.Ct. Rule 24.03 prescribing the requisites of the filing of a bill of particulars within the time fixed by the rule, yet the "motion to make more definite and certain" was treated by the parties and by the court as though it had been timely filed and as though its function was essentially an application for a bill of particulars. For the purpose of this opinion, we think we may so treat it.

In State v. Cox, Mo., 352 S.W.2d 665, 672, this court said: "Generally, a bill of particulars may be required where it is necessary to enable the defendant to prepare adequately for trial or where it is necessary to constitute a bar to a subsequent prosecution. S.Ct. Rule 24.03. The motion for a bill of particulars is addressed to the sound discretion of the trial court and its ruling thereon should not be disturbed in the absence of an abuse of such discretion. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. No abuse of discretion appears on the record." It is evident that the trial court in the instant case was of the opinion that the information failed to inform the defendant of the particular offense sufficiently to prepare his

defense. The record does not advise us of the precise reason or reasons upon which the court based its finding of the insufficiency of the information, but we are forced to the conclusion that the result was correct and, for the reasons hereinabove stated, we have concluded that the judgment quashing the information should be affirmed.

■ Of course, the State, if it so elects, may file a new information, which, if sufficient in form, will obviate the necessity of the filing of a bill of particulars. If, however, defendant deems such an information still insufficient, he may file an application for such a bill in the form and within the time and for the purposes prescribed by S.Ct. Rule 24.03. In this connection, we think it proper to suggest, however, that the bill of particulars authorized by S.Ct. Rule 24.03 is not to be used for the purpose of making the State reveal the details of the evidence upon which it seeks to establish its case. The function of such a bill is limited to that of informing the defendant of the particulars of the offense *sufficiently to prepare his defense.*

In the instant case, there is as yet nothing in the record to show whether the State has or could obtain knowledge of the precise dates on which the tires or any of them were allegedly larcenously "stolen" or whether in fact it would be necessary to defendant's defense that the precise dates be alleged if the offense is basically *embezzlement;* or in whose possession or custody the tires were when "stolen", whether such possession or custody was that of the owner or of the defendant as bailee, trustee or otherwise; or any other essential fact or facts which, upon hearing, may be found necessary to inform defendant of the particulars sufficient to enable him to prepare his defense.

The bill of particulars authorized by S.Ct. Rule 24.03 is taken from Fed.Rule 7(f), U.S.C.A., Title 18, p. 176 et seq. The decisions therein cited shed much light upon the purpose of and extent to which a bill

of particulars may or may not be used. See also Barron and Holtzoff, Federal Practice and Procedure, § 1917, and pocket parts; State v. Zammar, Mo., 305 S.W.2d 441, 445; and the several authoritative references therein mentioned. A reading of these decisions may be of profit to the parties in pleading and the court in determining any such issues as may arise in this cause.

The judgment is affirmed.

All concur.