STATE of Missouri, Plaintiff/Respondent,

v.

Arizona HALL, Defendant/Appellant.

No. 71556.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 25, 1997.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Joiner, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

GRIMM, Presiding Judge.

A jury convicted defendant[1] of second degree felony murder. Section 565.021.1(2), RSMo 1994[2]. The trial court sentenced him to life imprisonment.

---

1. The information and amended informations refer to defendant as Arizona Hall, with an "alias" of Arizona J. Hall. Numerous pleadings filed by defendant's trial attorney refer to him as Arizona Hall, III. However, defendant's apparent signature on some pleadings is Arizona Hall.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

Defendant appeals, raising five points. The State concedes that the trial court erred in giving a verdict directing instruction on robbery. It argues that the case should be reversed and remanded for a new trial. On the other hand, defendant contends that he should be discharged. We reverse and remand.

## I. Background

### A. Factual Background

Defendant does not challenge the sufficiency of the evidence. On the evening of October 10, 1993, defendant, brother and cousin were riding in a car. They drove through an apartment complex and saw victim exiting her vehicle.

Brother and cousin got out of the car and defendant, who was driving, stayed in the car. Brother and cousin grabbed victim and took her purse and car keys. Cousin put victim in the trunk of her car and drove it to another street. Defendant and brother followed in the other car.

After parking the cars, defendant, cousin and brother exited the vehicles and began to look through victim's purse. Then victim tried to exit her vehicle's trunk through the back seat. However, all three of them grabbed her. Cousin held victim to the ground while brother hit her in the head with a shotgun until she was still.

Next, victim was placed in defendant's trunk and he drove to an alley. Victim was taken out of the trunk and brother ran over her with defendant's car. Her body was dumped in a nearby park. Victim died of blows to the head.

### B. Procedural Background

On July 12, 1994, the grand jury indicted defendant. It charged him with first degree murder, section 565.020, and armed criminal action based on the murder, section 571.015. On March 6, 1995, the State filed a substitute information in lieu of indictment. In this pleading, the State charged defendant with second degree murder, section 565.021.1, and armed criminal action.

Also on March 6, the Judge's Docket Sheet reflects that defendant pled guilty, a presentence investigation was ordered, and sentencing was set for November 3, 1995. In August, defendant filed a motion to withdraw the plea. Thereafter, the State also filed a motion to set aside the plea of guilty. The entry reflects that "State's motion to set aside plea of guilty granted. Per agreement and order at the time plea of guilty was accepted."

The jury trial began on September 3, 1996. Although nothing in the legal file furnished us reflects that either the original indictment was reinstated or that another amended information was filed, the conduct of the trial persuades us that one or the other must have occurred. Our conclusion is supported by statements made during pre-trial matters. For example, defense counsel mentioned that he needed to disclose witnesses for the second stage and also indicated he would file his statement of mitigating circumstances. Obviously, second stage proceedings and mitigating circumstances refer to first degree murder cases wherein the State is seeking the death penalty.

Moreover, at the beginning of voir dire, the trial judge informed the jury that the case they would be hearing was a "charge of murder in the first degree." Further, the trial judge gave the jury an instruction based on MAI–CR 3d 300.03. That instruction is given only in cases in which a death sentence is being sought. Notes on Use 2 to MAI–CR 3d 300.03. Defense counsel never objected that defendant was not being tried for first degree murder.

At the close of the State's case on September 11, 1996 the State asked leave to file an amended information "adding on felony murder." The trial court overruled defendant's objections and granted leave. The State filed an amended information. The amended information charged defendant with first degree murder and gave notice of the underlying felony of robbery. In addition, it charged armed criminal action.

## II. Amendment of the Information

Defendant's first point relates to the verdict directing instruction on the underlying

felony of robbery. The State concedes instructional error and we agree. Thus, we need not discuss defendant's first point and it is granted.

In his second point, defendant alleges that the trial court "erred in permitting the State to amend the information at the close of its case to charge felony murder based on the underlying felony of robbery." He contends his constitutional rights were violated "in that notice must be given when felony murder is charged and amending the information at such a late date prejudiced [his] substantial rights."

### A. Defendant Did Not Receive Proper Notice

We begin with a brief recent history of Missouri's felony murder statute. Before October 1, 1984, section 565.003 RSMo 1978 was Missouri's felony murder statute. It provided that a killing committed in "the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary, or kidnapping" was first degree murder. Thus felony murder was limited to a killing committed during five specifically enumerated crimes. The punishment for felony murder was life imprisonment. Section 565.008.2, RSMo 1978.

In 1978, the Supreme Court's Committee on Pattern Criminal Charges and Instructions recommended to the Missouri Supreme Court for its approval certain pattern criminal charges. Effective January 1, 1979, that court approved those recommendations. MACH–CR p. XI. Among the charges approved were MACH–CR 16.04 to 16.12, relating to felony murders. Each of those five charges related to one of the five enumerated felonies. As a result, a defendant would know what specific underlying felony he was charged with committing when the killing occurred.

In 1983, effective October 1, 1984, the General Assembly adopted revised homicide statutes. Section 565.003 RSMo 1978 was repealed and section 565.021.1(2) became the new felony murder statute. That statute provides that if a person "commits or attempts to commit *any* felony, and, in the perpetration or the attempted perpetration

of such felony ... another person is killed ...," the killer commits the crime of second degree murder. Section 565.021.1(2) (emphasis added).

As can be readily seen, the breadth of felony murder greatly expanded in 1984. Previously it had been limited to five enumerated felonies. The new statute applied felony murder to "any felony."

■ Although the statute is broadly worded, it could not do away with the constitutional right that an accused has to demand "the nature and cause of the accusation." Article 1, section 18(a) Constitution of Missouri; *State v. Mace*, 357 S.W.2d 923, 925 (Mo. 1962); *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo.banc 1992). The Supreme Court's Committee on Pattern Criminal Charges and Instructions no doubt recognized this constitutional right. However, it would have been a virtually impossible task for that committee to draft a model felony murder charge for every felony.

In addition, the new 1984 homicide law made it clear that felony murder was a lesser degree offense of first degree murder. Section 565.025.2(1) provides that the lesser degree offense of first degree murder includes "Murder in the second degree under subdivisions (1) and (2) of subsection 1 of section 565.021." Further, in second degree murder cases, the statute requires a trial court to instruct on felony murder if "supported by the evidence and requested by one of the parties or the court." Section 565.021.3.

Thus, to satisfy the constitutional right of a defendant to know the nature and cause of the accusation made, as well as to enable the defendant to make his defense, the committee drafted, and the Missouri Supreme Court approved, Notes on Use 2 to MACH–CR 13.02, the pattern charge for first degree murder. That note states:

> If the state intends to submit murder in the second degree-felony under the provisions of Section 565.021.1(2),RSMo Supp. 1984, then in order "to furnish the accused with such a description of the charge against him as will enable him to make his defense," *State v. Mace*, 357 S.W.2d 923, 925 (Mo.1962), it will be necessary to add

the following to this charge after the word "him" by deleting the "." and adding a comma in its place:

> and defendant is further given notice that should .he state submit murder in the second degree-felony under Section 565.021.1(2), RSMo, it will be based on the (immediate flight from the) (attempted) perpetration of the class __ felony of _____ under Section _____, RSMo against [name of victim].

An identical note 2 appears in MACH–CR 13.04, the pattern charge for conventional second degree murder. Further, the pattern instruction for felony murder, MACH–CR 13.06, requires the specific identification of each underlying felony. Notes on Use 2 to MACH–CR 13.06

■ Returning to the facts before us, neither the original indictment nor the substitute information in lieu of indictment gave defendant any notice that the State was going to submit any felony murder, much less one base.l on robbery. Rather, such notice was first given at the virtual close of the State's case, some eight days after the trial commenced.

We recognize that Rule 23.08 permits the amendment or substitution of an information "at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Here, at the time of the amendment, no notice of any underlying felony had been given. After the amendment, he was first given notice of the underlying felony of first degree robbery.

■ Defendant was deprived of his right to prepare a defense to felony murder based on the underlying felony of first degree robbery. The State did not give him the notice he was constitutionally entitled to. He timely objected and his objection should have been sustained. Under the facts and circumstances here, Rule 23.08 did not justify the late filing and notice.

### B. Defendant Is Not Entitled to Discharge of Conviction

Without citation to any case, defendant argues that, as a result of the State's failure to give adequate notice, "he must be discharged from his conviction of felony murder." We disagree.

At the beginning of his trial as well as after the filing of the amended information, defendant was charged with first degree murder. As previously mentioned, felony murder is a statutorily designated lesser degree offense of first degree murder. Section 565.025.2(1)(a). But for the lack of notice, the State could have submitted felony murder under the indictment and the informations filed before trial commenced. Accordingly, at all times, but for the lack of notice, defendant was subject to being found guilty of felony murder.

■ As noted at the outset of the opinion, defendant does not contest the sufficiency of the evidence. Rather, he merely alleges trial court error in giving an incorrect instruction and lack of notice of the State's intent to seek a felony murder instruction. In such circumstances, double jeopardy does not attach and retrial is permissible. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *State v. Scott,* 699 S.W.2d 760, 762 (Mo.App. W.D.1985). Defendant is not entitled to be discharged.

### III. Other Points

We have examined defendant's other points and conclude that they may not arise again on retrial. The State may consider the brief filed by defendant and the authorities cited therein and govern itself accordingly.

The trial court's judgment is reversed. The cause is remanded for a new trial on second degree murder, either conventional or felony.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.